Westbrook, J.
Prior to June 11,1881, on which day she became the owner thereof by a conveyance from the receiver, Rosina E. Eddy occupied the premises No. 110 West One Hundred and Twenty-third Street, in New York city, as the tenant of James D. Fish, the receiver of the Globe Mutual Life Insurance Company.
By the terms of the lease the rent was payable on the first day of each month, in advance. With the transfer of the property by deed on June 11, 1881, the lease was also assigned, but on that day the receiver demanded and received from the petitioner the rent for the property during such month of June, which by the lease had become due on the first day of the month, and was, as has just been stated, a payment in advance of the occupancy. The payment was made under protest, and the only question which the parties have submitted on the motion is, Was the receiver entitled to the rent of the whole month, or should he only have taken it for that part of the month during which he was the owners
*398 Prior to the passage of the act (L. 1875, c. 542) entitled “An act to provide for the apportionment of rents, annuities, dividends and other payments,” there was, as a general role, no apportionment of rents except by agreement. The landlord or owner of the premises at the time the rent became payable collected and received the same, and the landlord or owner of the property during a part of the period such rent was earned, but not sustaining towards it either relation at the date the rent was payable according to the terms of the lease, had no redress against the party receiving the payment, except by special agreement (Taylor Landl. & T. § 387, 6 ed.; Clapp v. Astor, 2 Edw. Ch. 379; Zule v. Zule, 24 Wend. 76; Wilson v. Harman, 2 Vesey, Sen. 671.) The same principle (see authorities just cited) was also applied to “ annuities, dividends and other payments,” for the apportionment of which, as well as of rents, the act aforesaid now professes, at least, to make provision, because its title is (repeating it in this'connection), “An act to provide for the apportionment of rents, annuities, dividends and other payments.” If the object of the law, as thus declared by its title, has been embodied in its enactments, the old rule must be reversed. Let us, then, look at its language, and see if there is any doubt as to its purport.
Stripping the first section of all superfluous verbiage, and giving only the words relating to rents, it reads as follows: “All rents reserved on any lease granted after the passage of this act . . . shall be apportioned, so that on the death of any person interested in any such rents . . . or in the estate . . . from or in respect of which the same shall issue or be derived, or on the determination by any other means whatever of the interest of any such person, he or she, and his or her executors, administrators or assigns shall be entitled to a proportion of such rents . . . according to the time which shall have elapsed from *399 the commencement or last period of payment thereof . . . including the day of the determination of his or her interest.”
The second section gives a remedy for the recovery of such apportioned parts of the rent, after the same “shall become due and payable,” as he, or she, would have had if then entitled to the whole rent; but the party obliged to pay the rent must pay to the person who would have been entitled to receive it if the act had not been passed ; and the person, or persons, entitled by the act to receive the apportioned part are given a remedy against the individual receiving it, for the share thereof due by force of the act.
There can then, it seems to me, be no doubt as to the law governing this application. The common law did not apportion rent, but the act of 1875 professes to apportion it, and it does, for it most explicitly declames when the estate or interest of the party previously receiving the 'rent terminates intermediate two periods fixed by the lease for its payment, then such rent “ shall be apportioned.” This statutory mandate can, of course, only be obeyed by giving to the old and to the new owner of the estate, the proportion which is earned by the property during the ownership of each ; and this result is moreover expressly declared by awarding to the individual whose estate is terminated “a proportion of such rents . . . according to the time which shall have elapsed from the commencement ' or last period of payment thereof, . . . including the day of the . . determination of his or her interest.” As then the rule of apportionment and its manner of computation are both enacted, they must be applied to the present case. By the statute, which reverses the common law rule, the right to the rent follows the ownership of the estate during the period it was earned by the property, and as Mr. Fish had title during eleven days only in the month of June, *400 1881, he had no right to receive and retain the rent for the entire month, but was entitled to eleven-thirtieths thereof, and the remainder belonged to the new owner, who is the moving party in this proceeding.
There must be an order to restore to the petitioner such proportion of the rent of the month of June, 1881, as was earned by the property after the eleventh day of that month.