NEWMAN COWEN AND OTHERS, APPELLANTS, *v.* CHRISTINA ARNOLD AND OTHERS, RESPONDENTS.

*Rent collected by a receiver, in advance, for a period extending beyond the date of the sale of the property — apportionment of the rent.*

A purchaser at a sale under mortgage foreclosure, where a receiver, appointed to collect the rents during the pendency of the action, has collected the rent in advance for a period extending beyond the day at which the sale takes place, is entitled to an apportionment of the rent so received by the receiver, and to be paid such amount thereof as covers the period of time subsequent to the sale.

APPEAL by the plaintiffs from an order made at Special Term, and entered in the office of the clerk of the county of New York on the 5th day of March, 1890, which directed that the receiver in the above-entitled action pay to the plaintiffs' attorney certain expenses incurred by, and commissions owing to, the agent of the receiver,

and denied a motion to apportion the October rents of the mortgaged premises.

The action was brought for the foreclosure of a mortgage, and pending the action, and on March 29, 1889, a receiver was appointed of the rents, issues and profits of the mortgaged premises. Judgment was entered on July 8, 1889, and at a sale had thereunder the property was bid in by the plaintiffs, who received the referee's deed on the 4th day of October, 1889, prior to which time the receiver had received the October rents in advance, amounting to $271.50.

The order appealed from was made upon an application, made on behalf of the plaintiffs, for an order directing the receiver to pay the plaintiffs the proportion of the October rents from the fourth day of October, and also to pay the amount due one Zittel, the assignor of the plaintiff, for his commissions in collecting the October rents, and for certain disbursements incurred in the care of the premises.

*Lewis Sanders*, for the appellants.

*Charles H. Lovett*, for the respondents.

BRADY, J. :

It appears that in this action a receiver of the rents and profits was appointed on the twenty-ninth of March last and collected the rents, which were payable in advance. The plaintiffs, as purchasers, received their deed on the 4th of October, 1889, and made application that the receiver pay the plaintiffs' attorney, expenses of the agent, his commissions for collecting the October rents, and for disbursements in the care of the premises prior to October fourth, and the expenses incurred after the fourth of October, during that month, amounting to twenty-nine dollars, and also to apportion the rent for October to the plaintiffs. The plaintiffs were the assignees of the agent, Zittel, for value of his claims just mentioned.

The application for the payment of the agent's expenses and commissions, amounting to seventy-seven dollars and one cent, with interest, was granted and the amount directed to be paid, but the application to apportion the October rents was denied. A supposed difficulty which presents itself in the consideration of this appeal

arises from the fact that it is alleged by the receiver that the owner of the equity of redemption had not been served with notice of the motion, and this point is taken. It is quite clear that, so far as this appeal is concerned, the defendant Fink has no interest whatever in the fund that is left, for reasons which will appear. The rent was payable, as already suggested, in advance; but the only rent the receiver could take was for the first, second and third days of October, the delivery of the deed making him *functus officio* thereafter and entitling the plaintiffs to the rent accruing subsequently. Where the purchaser is·ready and willing to perform, and the delay is on the part of the vendors, the purchaser is entitled to the rents and profits from the time when, according to the terms of the contract, possession should have been delivered, or if the vendor has remained in possession he is chargeable with the value of the use and occupation from the same period. (*Bostwick* v. *Beach,* 103 N. Y., 423.) The receiver's appointment was subject to the sale of the premises, the purchase of them under it, and the delivery of the deed and possession of the premises. Beyond the time when the purchase was completed his official relations to the parties did not exist, and he could not collect, on the first of October, the rent for the use of the premises from the fourth of October, although payable in advance, when the purchaser became entitled to the possession of the premises.

The learned counsel for the respondent suggests that in the absence of a statute or an express agreement to that effect rent can never be apportioned in respect to time, citing the following authorities: *Zule* v. *Zule* (24 Wend., 76); *The Mayor* v. *Ketchum* (67 How. Pr., 161); *Cheney* v. *Woodruff* (45 N. Y., 98).

These cases, with the exception of *Cheney* v. *Woodruff,* relate to actions brought against tenants, and that case is decisive of the inability of a purchaser at a foreclosure sale to recover the rent accruing between the time of the purchase and the delivery of his deed. None of these cases, therefore, has any application to the question in hand. All that the owner of the equity of redemption is entitled to in lands mortgaged, after the sale under the mortgage, are the rents which become due down to the period when the purchaser under the decree of sale becomes entitled to the possession of the land. (*Clason* v. *Corley,* 5 Sandf., 447.) If the rule con-

tended for, perhaps not seriously, by the respondents' counsel were to prevail, namely, that any rental of premises sold under foreclosure, which accrued by being payable in advance the day before the delivery of the deed, would belong to the owner of the equity of redemption, then the purchaser would be deprived of the beneficial enjoyment of the premises for such period as the rent covered, whether it was three months, six months or a year.    This proposition, of course, is wholly untenable.

The order appealed from must be reversed and the motion ordered reheard at the Special Term, when, if necessary, the owner of the equity of redemption can be brought in.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed and motion sent back to Special Term to be reheard.