## MILLER v. CRAWFORD.

*(Supreme Court, Special Term, New York County. February, 1891.)*

1. EXECUTORS AND ADMINISTRATORS—ASSETS—RENTS.
    Rents which have been entirely earned at the time of the landlord's death, though not collected, belong to the administrator, as 3 Rev. St. (7th Ed.) pt. 2, c. 6, tit. 3, § 6, p. 2295, expressly provides that "rents reserved to the deceased, which have accrued at the time of his death," shall be deemed assets, and shall pass as such to his executors and administrators as part of the personalty.

2. SAME.
    Rents payable in advance have also "accrued" within the meaning of the above statute; and, though not collected at the time of the landlord's death, they belong

exclusively to his administrator, and need not be apportioned between the administrator and the heirs at law; as Laws N. Y. 1875, c. 542, § 1, which provides for the apportionment of rents on the death of the landlord before they are due, does not apply to such a case. Following *In re Weeks*, 5 Dem. Sur. 194, and disapproving *In re Eddy*, 10 Abb. N. C. 396.

At chambers. Laws N. Y. 1875, c. 542, § 1, provides as follows: "All rents reserved on any lease granted after the passing of this act, and all annuities, dividends, and other payments of every description, made payable or becoming due at fixed periods under any instrument executed after the passing of this act, or (being a last will and testament) that shall take effect after the passing of this act, shall be apportioned so that on the death of any person interested in any such rents, annuities, dividends, or other payments as aforesaid, or in the estate or fund from or in respect to which the same shall issue or be derived, or on the determination by any other means whatever of the interest of any such person, he or she, and his or her executors, administrators, or assigns, shall be entitled to a proportion of such rents, annuities, dividends, and other payments, according to the time which shall have elapsed from the commencement or last period of payment thereof, respectively, (as the case may be,) including the day of the death of such person, or of the determination of his or her interest, all just allowances and deductions on account of charges on such rents, annuities, dividends, and other payments being made."

*William D. Murray*, for receiver.     *S. H. Little*, for administrator.

LAWRENCE, J. This is an application for instructions by a receiver of the rents of certain property belonging in fee-simple to Thaddeus C. Kinnier at the time of his death, which occurred on February 4, 1890. The rents of said real estate collected by the receiver are conceded to fall into three classes: *First*, rents which were payable in advance, and were due on the 1st day of February, 1890, before Kinnier's death; *second*, rents which were not payable in advance, and which did not become due until after Kinnier's death, but which were partly earned before his death; and, *third*, rents which were entirely earned, but which had not been collected when Kinnier died. Section 6, tit. 3, c. 6, pt. 2, p. 2295, 3 Rev. St., (Banks, 7th Ed.,) provides that there shall be included among the property of a decedent's estate which shall be deemed assets, and shall pass as such to his executors and administrators as part of the personalty, "rents reserved to the deceased which had accrued at the time of his death." In this case it is claimed by the counsel for the administrator of Thaddeus C. Kinnier that the administrator is entitled to all the rents collected by the receiver that had accrued and were unpaid on or before February 4, 1890. There can be no doubt that such administrator is entitled to the rents which were entirely earned, but which had not been collected by Kinnier when he died, for the reason that such rents, in the language of the Revised Statutes, had accrued at the time of his death. I am also of the opinion that the administrator is entitled to the rents which were payable in advance, and which became due on the 1st of February, 1890, three days before Kinnier's death. Although payable in advance, the rent was due or had accrued at the time of Kinnier's death, within the meaning of the provision of the Revised Statutes above referred to. The act of 1875, chapter 542 of the Laws of that year, is relied upon in opposition to this view, and the case of *In re Eddy*, 10 Abb. N. C. 396, decided by Mr. Justice WESTBROOK, favors that contention. In *Re Weeks*, 5 Dem. Sur. 194, Surrogate ROLLINS had occasion to examine the provisions of that act, and he came to a conclusion different from that of WESTBROOK, J. After a critical examination of that act, which he declared to have been modeled upon the statute of 4 & 5 Wm. IV. c. 22, and of the English decisions construing that act, the learned surrogate held that its purpose was to provide, not for the apportionment of rents, as between those entitled to the testator's personal estate and the devisees of

his real estate, but for such apportionment as between successive takers of the realty; that the estate of absolute owner, which in that case, as in this, was admittedly possessed by the decedent, did not determine, or, in other words, was not extinguished by death; but, on the contrary, that it was through him or by operation of his will that it passed to his executors in trust, and would ultimately be enjoyed by the several remainder-men. In this case the estate of the decedent passes from him by operation of law, and is enjoyed through him by such heirs at law. This construction given to the act by the surrogate seems to me to be the correct one. It therefore follows, under the provisions of the Revised Statutes, that the administrator of the decedent is entitled to all rents collected by him that had accrued and were unpaid on or before February 4, 1890. As to the rents falling under the second clause above stated, if the act of 1875 does not apply, it would seem that the common-law rule still prevails. See *In re Weeks*, 5 Dem. Sur. 197; *Browne* v. *Amyot*, 3 Hare, 173. Provision should be made in the order for the payment of the charges and commissions of the receiver. Settle order on notice.