## ANDERSON v. CARELL.

(Supreme Court, Appellate Term. January 15, 1909.)

1. VENDOR AND PURCHASER (§ 196*)—RIGHTS OF PARTIES—RENTS.
     The mere reference, in a deed to premises which were then leased, to their occupancy by monthly tenants, only referred to the duration of the tenant's possession, and was not notice by the grantor of his claim to the rental for the entire month, received in advance from such tenants.

     [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 196;* Landlord and Tenant, Cent. Dig. § 808.]

2. VENDOR AND PURCHASER (§ 196*)—RIGHTS OF PARTIES—RENTS.
     Under Code Civ. Proc. § 2720, in the absence of an implied agreement by the purchaser of rented premises to permit the vendor to retain the advance monthly rents paid, the purchaser was entitled to the rents from the day he received the deed, and the vendor could not claim the full month's rent received in advance.

     [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. §.196;* Landlord and Tenant, Cent. Dig. § 808.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Hans Anderson against Catherine Carell. From a judgment for plaintiff, defendant appealed. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

John M. Rider, for appellant.

Holm, Whitlock & Scarff (Victor E. Whitlock, of counsel), for respondent.

PER CURIAM. The court below correctly determined, upon the conceded facts, that the plaintiff was entitled to the rents, upon an apportionment, from the day when he received his deed in partition, and that the life tenant—whose estate passed by the deed—could not claim the full month's rent payable and received in advance. The reference in the terms of sale to occupancy by monthly tenants imported no more than the duration of possession, and in no way involved notice of a claim by the life tenant to rents received in advance for the whole of any month. In the absence of an implied agreement on the purchaser's part for the retention of rents by the party in possession, the statute measured the rights of the parties by an actual apportionment (Code Civ. Proc. § 2720), and the plaintiff's recovery is well supported by authority (Cowen v. Arnold, 58 Hun, 437, 12 N. Y. Supp. 601; Betts v. Betts, 4 Abb. N. C. 317).

Judgment affirmed, with costs.