SACANDAGA REALTY CORP. v. HENES.

(Supreme Court, Appellate Term, First Department.    March 13, 1916.)

JUDICIAL SALES &#x2014;50(1)&#x2014;RIGHTS OF PURCHASER&#x2014;RENT&#x2014;APPORTIONMENT.

 Under Code Civ. Proc. § 2674, providing that all rents shall be apportioned, so that on the death of any person interested therein, or on determination by any other means of the interest of such person, he or his executors, administrators, or assigns shall be entitled to a proportion of the rents, a purchaser at judicial sale is not entitled, as against the former owner, to an apportionment of rent received in advance from the tenant of the property.

 [Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 96; Dec. Dig. &#x2014;50(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Sacandaga Realty Corporation against Caroline Henes. From a judgment for defendant, plaintiff appeals.    Affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Eisman, Levy, Corn & Lewine, of New York City (J. Lester Lewine, of New York City, of counsel), for appellant.

Theall & Beam, of New York City (John Theall, of New York City, of counsel), for respondent.

LEHMAN, J.    The plaintiff purchased certain premises sold by a referee in a partition action.    The deed was delivered on July 8, 1915. Prior to that date the agent in charge of the premises collected the rents which had accrued and were payable in advance from tenants in possession of the premises.    The agent divided these rents among the owners of the property.    The defendant was prior to the delivery of the deed in the foreclosure proceedings, one of these owners and the plaintiff seeks to recover from her, in an action for money had and received, the proportionate share of these rents for the period after the plaintiff was entitled to the possession of the property.

At common law there was in general no right to any apportionment of rent.    The plaintiff claims, however, that it is entitled to such apportionment under the provisions of section 2674 of the Code of Civil Procedure which provides that:

"All rents reserved on any lease made after June seventh, eighteen hundred and seventy-five, and all annuities, dividends and other payments of every description made payable or becoming due at fixed periods under any instrument executed after such date, or, being a last will and testament that takes effect after such date, shall be apportioned so that on the death of any person interested in such rents, annuities, dividends or other such payments, or in the estate or fund from or in respect to which the same issues or is derived, or on the determination by any other means of the interest of any such person, he, or his executors, administrators or assigns, shall be entitled to a proportion of such rents, annuities, dividends and other payments, according to the time which shall have elapsed from the commencement or last period of payment thereof, as the case may be, including the day of the death of such person, or of the determination of his or her interest, after making allow-

ance and deductions on account of charges on such rents, annuities, dividends and other payments."

It is to be noted that this section provides in terms only for an apportionment, so that the person whose estate is terminated, or his executors, administrators, or assigns, shall receive a proportion of the payments, and it does not expressly provide for an apportionment in a case where such person has received a payment for rent extending beyond the period of his estate or interest. It seems, however, that the courts have in several cases allowed an apportionment also in favor of the person who succeeds to the estate or fund after the determination of the interest of a prior party. So in Cowen v. Arnold, 58 Hun, 437, 12 N. Y. Supp. 601, the court held that a purchaser at a sale on foreclosure is entitled to an apportionment of the rent received by a receiver in the foreclosure proceedings for the period subsequent to the sale; in Matter of Eddy (10 Abb. N. C. 396, the court reached the same conclusion; and in the case of Anderson v. Carell, 114 N. Y. Supp. 198, this court decided that a purchaser in a partition sale is entitled to an apportionment of rent received by a life tenant of the estate.

The plaintiff urges that these cases are direct authority upon the proposition that a purchaser at a judicial sale is entitled to an apportionment of rent from the date of the delivery of the deed. It seems to me, however, that, though some of these cases contain expressions of opinion which tend to support this view, the true rule is that a purchaser at a judicial sale is entitled to an apportionment only as against a person whose estate is determined by the delivery of the deed, but not as against a person whose estate or interest is merely transferred. The statute expressly provides for such apportionment only upon the *determination* of an estate or interest by death or other means. Under the term I fail to see how it can successfully be claimed that the Legislature intended to provide also for cases where the estate or interest is transferred by assignment or devolution. It was obviously, I think, intended to apply only to estates which were limited in time, and to provide for an apportionment between the owners of a limited estate and the party next entitled to the property or fund after the determination of that estate. Any other construction would seem to require an apportionment of rent between mortgagor and purchaser on foreclosure, between vendor and vendee upon a voluntary sale, or between the personal representatives of a decedent and his heirs or devisees.

None of the cases cited are in conflict with this rule, but, on the contrary, I think on close analysis support it. In the case of Anderson v. Carell, supra, the court stated that a purchaser at a partition sale was entitled to an apportionment of rents from the day when he received the deed in partition, but it decided only that he was entitled to such apportionment as against a life tenant whose estate the court said "passed by the deed." In one sense the estate of the life tenant did, of course, pass by the deed; but by that deed the entire title in fee passed to the purchaser, and the estate of the life tenant then became extinguished. In other words, that deed deter-

mined the estate of the life tenant as effectually as if the event had occurred upon which the estate was limited, and inasmuch as the life tenant was entitled to no return from the property after the determination of his interest, the purchaser as the successor in interest of the remaindermen was entitled under the statute to an apportionment for rents actually earned after the determination of the prior estate. The court in that case did not attempt to set forth fully the reasoning by which it reached this result, but stated only that:

"The plaintiff's recovery is well supported by authority. Cowen v. Arnold, 58 Hun, 437 [12 N. Y. Supp. 601]; Betts v. Betts, 4 Abb. N. C. 317."

An examination of those cases shows, I think, that the court actually had in mind the point that the life tenant had only a limited estate which was determined by the delivery of the deed. The case of Betts v. Betts, supra, holds only that the estate or interest of trustees to receive rents and profits and apply them to the use of the beneficiary for life terminates with the death of the life beneficiary. Otherwise, this case seems to have no bearing on any question before this court. The case of Cowen v. Arnold, supra, is more nearly in point. As I have stated above, the court there held that a purchaser at a foreclosure sale is entitled to an apportionment of rent from the receiver appointed in the foreclosure, but the court there pointed out that the case of Cheney v. Woodruff, 45 N. Y. 98, "is decisive of the inability of a purchaser at a foreclosure sale to recover the rent accruing between the time of the purchase and the delivery of his deed." Nevertheless the court permitted the purchaser to recover on the ground that the receiver's interest terminated at the delivery of the deed. "Beyond the time when the purchase was completed his official relations to the property did not exist, and he could not collect on the 1st of October the rent for the use of the premises from the 4th of October, although payable in advance, when the purchaser became entitled to the possession of the premises." That this distinction between the mortgagor and the receiver in foreclosure proceedings rests upon a valid basis appears from the careful analysis of the nature of the receiver's possession contained in the case of Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817.

It seems to me that, reading the statute in the light of these decisions, it is impossible to hold that the Legislature intended an apportionment in any case where rent or interest was received by the owner of a fee interest, and it is too well established to require citation that a deed given on a judicial sale does not relate back to the time of the sale. In this case the tenants in common were, so far as appears, owners in fee. Though probably they could not by any act of their own create a lien on their property between the sale and the delivery of the deed, yet they had a right to all rental accruing before their title was divested by actual delivery of the deed under leases then existing upon the property. An estate in fee cannot in any strict sense be determined, and the statute has no application to such a case.

Judgment should be affirmed, with $25 costs. All concur.