(173 App. Div. 785)

### SACANDAGA REALTY CORP. v. HENES.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

PARTITION ☞109(5)—SALE—RIGHTS OF PURCHASER—RENT.

 Under Code Civ. Proc. § 2674, providing that rents shall be apportioned upon the determination of an estate, a partition sale purchaser is entitled to such portion of rentals collected in advance as represents the period subsequent to the sale.

 [Ed. Note.—For other cases, see Partition, Cent. Dig. § 379; Dec. Dig. ☞109(5).]

Appeal from Appellate Term, First Department.

Action by the Sacandaga Realty Corporation against Caroline Henes. From a determination of the Appellate Term, affirming a judgment in the Municipal Court for defendant (94 Misc. Rep. 233, 157 N. Y. Supp. 689), plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

Louis Franklin Levy, of New York City, for appellant.
John Theall, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from a determination of the Appellate Term, which affirmed a judgment of the Municipal Court of the City of New York, dismissing the complaint.

The facts are undisputed. The plaintiff was the purchaser at a partition sale of certain real estate. The defendant, prior to the sale, was the owner as tenant in common of an equal undivided one-eighth interest in the property, and as such was a party to the partition action. On June 3, 1915, the property was sold at public auction to one Pfeiffer, who thereafter duly assigned to the plaintiff his right and interest in the purchase. Under the terms of sale the referee's deed was to be delivered on July 3, 1915, but the closing was postponed until July 8, 1915, under a stipulation which provided that computation should be made as of the former date. The property was sold subject to existing tenancies and a hold-over lease having until May 1, 1916, to run. On June 15, 1915, the agents of the owners collected $83.33 rent due in advance on that day for the month ending July 15th, and on July 1, 1915, such agents collected $145, rent due in advance for the month of July. The total amount of rent thus collected was $228.33. Defendant, as the owner of an undivided one-eighth interest in the property, received one-eighth of that sum, or $28.54. Plaintiff claims to be entitled to its proportionate share of this amount, $21.08, and brought this action to recover that sum.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I am of the opinion the plaintiff was entitled to recover. Section 2674 of the Code of Civil Procedure expressly provides that all rents reserved on any lease made payable or becoming due at fixed periods under any instrument shall be apportioned upon the determination of an estate or interest by death or other means. The sale, and the delivery of the deed thereunder, was a determination of the defendant's estate. Cowen v. Arnold, 58 Hun, 437, 12 N. Y. Supp. 601; Anderson v. Carell, 114 N. Y. Supp. 198; Matter of Eddy, 10 Abb. N. C. 396. In the Cowen Case the sale was under a judgment of foreclosure, and it was held that the purchaser, where a receiver appointed to collect the rents during the pendency of the action had collected the rent in advance for a period extending beyond the day at which the sale was consummated by the delivery of the deed, was entitled to an apportionment of the rent so received, and to be paid such amount thereof as covered the period of time subsequent to the sale; the court saying:

"If the rule contended for, * * * that any rental of premises sold under foreclosure, which accrued by being payable in advance the day before the delivery of the deed, would belong to the owner of the equity of redemption, then the purchaser would be deprived of the beneficial enjoyment of the premises for such period as the rent covered, whether it was three months, six months, or a year."

In the present case the plaintiff, upon the undisputed facts, was entitled to an apportionment of the rent collected in advance, and to be paid such amount thereof as covered the period of time subsequent to July 3, 1915, when the deed was agreed to be delivered. While it was not delivered until the 8th, it was stipulated that the computation should be determined as of the original date of closing; in other words, that the rights of the parties should be determined as of that day.

There being no dispute between the parties as to the facts, I am of the opinion that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and judgment directed for the plaintiff for $21.08, with costs in this court and the courts below. All concur.