*Kinney, Ballou & McClanahan* for defendants.

---

ADELAIDE SCHLIEF and JOHN SCHLIEF, her husband *vs.* JOSEPH CLARK, ALEXANDER LAZARUS, HENRY SMITH, as guardian of Naomi Lazarus, a minor, and JOSEPH O. CARTER, as guardian of Madeline H. K. Lazarus and Eleazar K. Lazarus, a minor.

APPEAL FROM JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 19, 1902.                    DECIDED JULY 10, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In a partition suit, rents accruing on property sold between the date of sale and confirmation, and collected by a receiver or trustee and paid into Court, the Master's report being confirmed and deeds being delivered to the purchasers without collecting interest on the balance of the purchase money held by them pending the confirmation, belong to the heirs or partitioners and not to the purchasers.

This is an appeal from an order made in the above cause on April 18th, 1902, directing the Master to pay to certain of the purchasers at a Master's sale the rents accruing amounting to $594 and collected from certain property sold between the date of sale and the final confirmation and delivery of deeds in pursuance thereof, a period of five months.

The only question presented by the appeal is whether these rents belonged to the purchasers or the heirs.

The sale was ordered in a partition proceeding and a commissioner appointed to make the sale and the order after fixing the time and place of sale proceeded as follows: "That said sale be made for cash, and be subject to confirmation by the court. That 10% of the amount be paid on the day of sale and the balance to be paid upon the confirmation of said sale by this court and the delivery to him or them of the deed or deeds for said real estate by said commissioner."

The sale was made by the commissioner on September 14th and reported to the court on October 1st, 1901. The order of confirmation was made December 2nd, 1901. An appeal was taken from a portion of the decree i. e., that making allowances of certain costs and commissions and this appeal was decided by this Court on February 28th, 1902 (*ante,* 78) and on the same day the circuit judge made a final decree in compliance with the decision of this Court confirming the commissioner's report and ordering the execution of deeds to the several purchasers on the payment of the balance of the purchase money and for the distribution of the proceeds and ordering the discharge of the commissioner on his filing receipts and vouchers. These last were filed on March 18th, 1902. On December 16th, 1901, a receiver or trustee by consent of all parties was appointed and ordered to collect and pay into Court the rents accruing pending the confirmation of sale.

On April 16th three of the purchasers joined in a motion to the court asking that the receiver or trustee be directed to pay to them the rents collected from the property purchased by

each of them respectively. This motion was granted and the order appealed from made on April 18th, 1902.

It is contended on behalf of the appellees that the purchasers had the use of the purchase money, except the 10% deposited on the day of sale, amounting to $18,000.00 pending the confirmation, the very time during which the rents accrued; that the purchasers should have paid interest on the deferred payments in order to be entitled to demand the rents; that they did not pay interest and were not entitled to the rents.

Under the general rule of law and particularly under the order of sale in this case the contract of sale was not complete until confirmed by the court. Prior to that time many things might have happened to defeat or avoid the contract. "Until confirmed by the court, the sale confers no rights. Until then it is a sale only in a popular, and not in a judicial or legal sense. The chancellor has a broad discretion in the approval or disapproval of such sale. 'The accepted bidder,' (say the Supreme Court of Kentucky), 'acquires, by the mere acceptance of his bid, no independent right, as in case of a purchaser under execution, to have his purchase completed;' but is merely a preferred proposer, until confirmation of the sale by the court, as agreed to by 'its ministerial agent.' " Rorer on Judicial Sales, Sec. 106.

"In ordinary sales by auction, or by private agreement, the contract is complete when the agreement is signed; but a different rule prevails in sales before a Master; in such cases the purchaser is not entitled to the benefit of his contract till the Master's report of the purchaser's bidding is absolutely confirmed." 2 Daniell's Ch. P. & P. (Sixth Am. Ed.) 1274.

"As title does not vest in the purchaser until after the confirmation of the sale, he has, prior to that time, no right to the possession of the property sold, and no legal cause of complaint against the defendants, who remain in possession, exercising the rights of ownership, including the right to cut and remove all crops growing upon the premises, and which are in a condition to be cut and removed in the usual course of good farming." 2 Freeman on Executions (3rd ed.), section 304a.

"Confirmation is said to be the judicial sanction of the court.

Until then the bargain is incomplete." *Smith et al. v. Steamship City of Columbia,* 11 Haw. 710.

Mr. Justice Story when on the circuit decided that the purchasers at a Master's sale had no claim to the rents and profits derived from the property sold except from the time when the conveyance to them was complete. *Wood v. Mann,* Fed. Cas. Vol. 30, No. 17954. *Chency v. Woodruff,* 45 N. Y. 98, is a strong authority to the same effect.

The Supreme Court of Ohio in expressing a contrary view say that the purchaser is "required to pay interest from the day of sale on so much of the purchase price as he has not actually paid." *Jashenosky v. Valrath,* 59 Oh. St. 540-546.

The judge below seems to have been confused by the doctrine of relation and to have proceeded on the theory that as the title related back to the day of sale this also carried with it the right to the possession and rents and profits accruing from that time. It does not follow from the fact that by the order of confirmation the purchaser was vested with all of the title of the partitioners on the date of sale that they are entitled to the possession and rents from that date.

"This doctrine of relation," (says the Supreme Court of Nebraska) "has reference only to the title which the execution debtor had to the real estate at the time the judgment became a lien, but it has no necessary reference to the *quantum,* whether more or less, of estate, which the execution debtor owned at the time the judgment became a lien." *Yeazel v. Einspahr,* 24 L. R. A. 449, 451.

We conclude that the judge having confirmed the Master's report and ordered deeds delivered without requiring the payment of interest on the balance of the purchase money erred in allowing the rents to the purchasers; that these, under the facts of this case, belong to and should have been distributed among the heirs or partitioners.

The appeal is sustained, the order appealed from is reversed and the case is remanded for such further proceedings, consistent with this opinion, as may be necessary.

*Russell & Watson* for appellants.

*Holmes & Stanley* for appellees.