NATHANIEL CHENEY, and others, Respondents, *v.* ALFRED C. WOODRUFF, and EDWIN W. NORTH, Appellants.

The purchaser at a mortgage foreclosure sale is not entitled to the rent of the premises accruing between the time of purchase and the time of delivery of the deed to him.

Where the plaintiffs, at a foreclosure sale of certain premises on the 10th of July, bid them in, paying ten per cent down, the remainder to be paid on the 30th of July, and, on that day paid the balance, and received a deed of the premises.—*Held*, that they could not maintain an action for the use and occupation between the 10th and the 30th of July.

(Argued February 9th, 1871; decided March 21st, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court in the Second judicial district affirming judgment of Special Term in favor of the plaintiffs.

The plaintiffs claimed for use and occupation of a warehouse in the city of Brooklyn, for the period of twenty-one days, viz.: From the 10th day of July to and including the 30th day of July, 1867, alleging ownership by the plaintiffs during the period aforesaid, and occupation by the defendants with consent of the plaintiffs.

The answer denies the ownership of plaintiffs, and alleges that defendants occupied under a lease from the Phœnix Warehousing Company, who were the owners.

On the trial it was proved that on the 10th of July the plaintiffs purchased the premises at a sale under a decree of foreclosure; ten per cent of the purchase-money being payable at the time of sale, and the residue to be paid on the 30th of July, when the deed was to be delivered. These terms were complied with, and the deed was delivered on the 30th of July.

The court below decided that the plaintiffs were entitled to receive the rents from the date of their purchase.

*A. H. Dana*, for the appellants, insisted that the plaintiffs have no right to rents accruing before delivery of the deed.

(*Giles* v. *Comstock*, 4 Coms., 270; Rule 72 Supreme Court; *Brown* v. *Frost*, 10 Paige, 247; *Lathrop* v. *Ferguson*, 22 Wend., 116; *Strong* v. *Dollner*, 2 Sandf., 444; *Clason* v. *Corley*, 5 Sandf., 447; *Smith* v. *McCluskey*, 45 Barb., 610; *Taylor* v. *Robinson*, 36 Barb., 483; *Wood* v. *Hubbell*, 10 N. Y., 479; *Graves* v. *Berdan*, 26 N. Y., 489; *Talman* v. *Atlantic Ins. Co.*, 3 Keyes, 87; *Tuthill* v. *Wheeler*, 6 Barb., 362.)

*Joshua M. Van Cott*, for the respondents, insisted that the plaintiffs were the equitable owners from the 10th of July, and the subsequent delivery of the deed vested the legal title in them as of that date. (*Wright* v. *Douglass*, 2 Coms., 373–7; *McLaren* v. *The Hartford Ins. Co.* 1 Selden, 151; *Jackson* v. *McCall*, 3 Cow., 80; *Jackson* v. *Loan Officers*, 1 J. Cas., 81; *Jackson* v. *Dikeman*, 15 Johns., 309; *Fuller* v. *Van Geesen*, 4 Hill, 173; *Ostrom* v. *McCann*, 21 How. P. R., 431; *Cole* v. *Bristow*, L. R. 6 Eq. Cas., 160; *Mott* v. *Coddington*, 1 Robertson, 276.)

By the Court — PECKHAM, J. The sole question here is, has the purchaser at a mortgage foreclosure sale, after he gets his deed, a right to the rent accruing between the time of purchase and the time of delivering the deed?

It is insisted by the plaintiff's counsel, that all interest in the land is gone from the mortgagor at the instant of the auction sale, though the deed is not to be given, nor the money paid in full till some time thereafter; and that, although the purchaser does not thereby acquire the legal, he does the equitable title, which is perfected by the delivery of the deed; and that the deed, when given, extends back by relation to the time when the premises were bid off.

The plaintiff's counsel relies strongly upon *McLaren* v. *The Hartford Fire Insurance Company* (1 Seld., 151), to sustain this position.

That was a question of insurance, and the case was well decided upon another ground, viz., the violation of a provision in the policy.

But the case there most quoted from, and chiefly relied upon, to prove that the mortgagor had no interest in the premises after they were struck down at the foreclosure sale, denies the plaintiff's right to maintain this action. It was the case of *Paine* v. *Miller* (6 Ves., 349). The premises were sold at auction (not a foreclosure sale), a deposit of twenty-five per cent made, "and a proper conveyance to be executed upon payment of the rest of the purchase-money at *Michaelmas next*." There was some difficulty as to the title; it was not made clear till after Michaelmas; and, before the conveyance, the buildings thereon were burnt, and the purchaser then refusing to perform, a bill for specific performance was filed; and, in speaking of the rights of the parties, the lord chancellor remarked: "If in equity these premises belonged to the vendee, he would have a right to the rents and profits *at Michaelmas* (the time when the deed was to have been given), by relation; and he must pay the purchase-money, with interest from *that time*."

That is, although the deed was not delivered when it was due by agreement, yet the premises in equity then belonged to the vendee, and his rights were sustainable by relation.

This doctrine of relation, in this State, has generally been limited, in other cases, to the time when the deed should have been delivered; when it was due by the contract; and its non-delivery was not caused by any failure of the party seeking the relief. (*Wright* v. *Douglass*, 2 Comst., 373; *Fuller* v. *Van Geesen*, 4 Hill, 171; *Wells* v. *Lathrop*, 22 Wend., 121; *Jackson* v. *Ramsay*, 3 Cow., 75).

In this last case, which is an instructive one, it was held that, prior to 1820, when the statute in this State was first passed allowing judgment debtors fifteen months in which to redeem, a purchaser at a sheriff's sale, who had paid his bid, but did not receive his deed for several years thereafter, and not until after issue joined in an ejectment suit against him, was entitled to the benefit of the deed in defence, without pleading it *puis darrein*, and that it related back to the sheriff's sale, the time when it was due.

After the statute gave time to the creditor to redeem, the court held that the deed did not relate back, at least not so as to deprive the debtor of the use and occupation, or of the rents for the fifteen months. (*Rich* v. *Baker*, 3 Denio, 79; *Bissell* v. *Payne*, 20 Johns., 3.)

In giving this decision, the court, in the latter case, say, the terms of the statute do not require the construction to retrospect, and "it would be very inconvenient and unjust to deprive the judgment debtor of the rents accruing during that interval of time." The court add, that, if he cannot sue for such rents, "it follows that no person has a right to collect them, and the tenant during that time cannot safely pay his rent; for it is uncertain whether a deed will be given at all, or, if given, whether it will be to the purchaser at the sale or to some subsequent judgment creditor."

The same reasoning, in a degree, applies to this case. Such a rule as claimed would operate harshly upon the mortgagor, and it would sometimes embarrass the tenant. The sale might not be perfected, from the fault or inability of the purchaser. It might be set aside by the court for various causes, and a re-sale ordered.

But what right had the plaintiff to this rent? He had not possession of the premises until after this term had expired, nor had he any right to such possession. (*Brown* v. *Frost*, 10 Paige, 247; Rule 72, Supreme Court.) He had not paid all the purchase-money. He had no deed; until he received that, he had no title under a mortgage foreclosure, so as to claim any rent, and his claim, when he did receive the deed, was prospective. (*Astor* v. *Turner*, 11 Paige, 436; *Strong* v. *Dollner*, 2 Sandf. S. C., 444; *Cluson* v. *Corley*, 5 id., 447; *Mitchell* v. *Bartlett*, 52 Barb., 319.)

As to the right to rent, it is of no moment whether the money had been paid or not, or whether the purchase-money was or was not upon interest. Such equities are all settled by the bidding, by the terms of sale; and the bids are regulated accordingly.

Whether the money is all paid at the time of the bid, or chiefly when the deed is to be delivered, or whether the rents shall be received from the day of sale or the day of the deed's delivery, is of no moment as to the equities of the parties. These things all regulate the bidding, where the principles governing them are understood.

The cases already cited establish that this doctrine of relation is a fiction for promoting justice; and though its application to this case is not recognized, I see no objection to its allowing a purchaser, after he receives his deed, to maintain an action for any injury to the premises inflicted after his purchase. It might, for that purpose, be placed upon the rule in equity, that what is agreed to be done is, in equity, regarded as already performed.

The judgment is reversed, and new trial granted; costs to abide the event.

All concurring, except ANDREWS, J., who took no part,

Ordered accordingly.