ABRAHAM B. BEAL *vs.* ATTLEBOROUGH SAVINGS BANK.

Suffolk.   January 14, 1924. — March 5, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of real estate: foreclosure, mortgagor's right to accounting as to rents received by mortgagee in possession after auction sale but before conveyance. *Landlord and Tenant,* Accounting by mortgagee as to rents.

An auction sale by a mortgagee in foreclosure, under a power of sale, of a mortgage of real estate in the usual form is a mere contract for a sale, and the sale is not concluded until the deed to the purchaser has been delivered.

Where, under a power of sale, a mortgage of real estate in the usual form is foreclosed by an auction sale, and there is no agreement determining to whom rents accruing between the time of the auction and the time of delivery of the deed to the purchaser shall be paid, such rents belong to the mortgagor or his assignee, who still owns an equity of redemption; and this is so although the deed to the purchaser bore the date of the auction and the purchaser gave back to the mortgagee a note bearing that date and carrying interest from that date, and a mortgage of the same date securing the note.

BILL IN EQUITY, filed in the Superior Court on April 29, 1920, and afterwards amended, by a mortgagor against a mortgagee of real estate for an accounting for rents accruing between the time of a sale in foreclosure of the mortgage and a deed pursuant to the sale.

In the Superior Court, the suit was referred to a master, before whom the facts were agreed upon. Material facts are described in the opinion. The suit then was heard by *Morton,* J., by whose order there was entered a final

decree adjudging that the plaintiff was entitled to the accounting sought and that on the accounting the defendant owed the plaintiff the sum of $300.   The defendant appealed from the final decree.

*W. S. Pinkham,* for the defendant.

*F. L. Norton,* for the plaintiff.

CARROLL, J.   The plaintiff is the mortgagor of certain real estate.   The defendant, the mortgagee, entered to foreclose; and while in possession sold the premises under the power in the mortgage deed, at public auction, on August 23, 1919.   The sum bid at the auction sale was the amount due on the mortgage.   The receipt given the purchaser by the mortgagee acknowledged that $1,000 had been paid on account of the purchase, and provided for the conveyance of the property on or before September 18, 1919.   It contained no provision indicating to whom the rents belonged. The consideration was paid September 18, when the deed, dated August 23, 1919, was delivered to the purchaser.   The mortgage given the defendant by the purchaser was dated August 23, 1919, bearing interest from that date.   The defendant accounted to the purchaser for the rents and profits received from August 23 to September 18.   This suit in equity is brought by the original mortgagor for an accounting of the rents and profits collected by the defendant between August 23, 1919, the time of the foreclosure sale, and September 18, 1919, when the deed was delivered.

The auction sale was in effect a mere contract for a sale. The sale was not executed until the deed was delivered, when the title passed to the purchaser.   See *Fall River Savings Bank* v. *Sullivan,* 131 Mass. 537; *Dennett* v. *Perkins,* 214 Mass. 449.

Under the statute the plaintiff's right to redemption continued until " the land has been sold pursuant to a power of sale contained in the mortgage deed." R. L. c. 187, § 18. The words " sold pursuant to a power of sale " have been construed to mean an executed sale as distinguished from a mere contract of sale.   Referring to these words it was said in *Way* v. *Mullett,* 143 Mass. 49, 53, this clause was " evidently enacted for the purpose of fixing the time when a

foreclosure is complete, under the execution of a power of sale in a mortgage. . . . By its terms, until a sale of the premises is completed, the mortgagor, or any person claiming under him, may redeem the same." See *Matthews* v. *Dinner*, 237 Mass. 153, 154. " A power to sell *executed* to one who relies upon such power . . . will without doubt pass an unconditional estate to the purchaser. . . . But while the power remains unexecuted, the relation of mortgagor and mortgagee subsists." *Eaton* v. *Whiting*, 3 Pick. 484, 491. The writing delivered to the purchaser at the time of the auction sale shows that a future conveyance was contemplated; and it was in fact executed on September 18.

It has been held in numerous cases, where a contract for the sale of land has been made but the sale is not then executed, that until the sale is executed the vendor holds the legal title as trustee for the purchaser. *Patterson* v. *J. D. Loiseaux Lumber Co.* 92 N. J. Eq. 569. *Bailey* v. *Coffin*, 115 Maine 495. *Curry* v. *Curry*, 213 Mich. 309. Under this rule, as the purchaser is in equity the owner from the date of the contract of sale, the profits and rents belong to him and the losses fall on him. *Brewer* v. *Herbert*, 30 Md. 301. In this Commonwealth, however, the principle that the losses fall on the prospective purchaser is not fully accepted. *Wells* v. *Calnan*, 107 Mass. 514. *Libman* v. *Levenson*, 236 Mass. 221. In *Cheney* v. *Woodruff*, 45 N. Y. 98, the question considered was the right of a purchaser at a foreclosure sale to recover the rents accruing between the time of the purchase and the time of the delivery of the deed; it was decided that the rents did not belong to the purchaser. In the course of the opinion Peckham, J., said at page 101: " But what right had the plaintiff to this rent? · He had not possession of the premises until after this term had expired, nor had he any right to such possession. . . . He had not paid all the purchase-money. He had no deed; until he received that, he had no title under a mortgage foreclosure, so as to claim any rent." *Garrett* v. *Dewart*, 43 Penn. St. 342, is to the same effect. The sheriff's sale took place on May 21, 1860. The purchaser at that time paid the full price. The deed, however, was not delivered until September

27, 1860, and he was denied the right of the rents accruing from May 21 to September 27. It was said at page 349, "profits of land belong to the person who is in rightful possession by himself or his tenants." It was decided in *Astor* v. *Turner*, 11 Paige, 436, that the purchaser was not entitled to rents which became due before his right of possession commenced. At page 437 this language was used: "If the purchaser had been entitled to the immediate possession of the premises, by the terms of the decree and the conditions of the sale, the rents which fell due the next day would have belonged to him. The legal presumption, in that case, would have been that he had purchased in reference to such right." See *Clason* v. *Corley*, 5 Sandf. 447, 452; *Lysaght* v. *Edwards*, 2 Ch. Div. 499.

There was nothing in the agreement of sale, made at the time of the auction, showing to whom the rents, subsequently accruing before the sale was completed, belonged, and we are not called upon to decide whether, if such an agreement were made, it would be binding on the mortgagor. Neither are his rights affected by the fact that the deed to the purchaser, the purchaser's note, secured by the mortgage, and that mortgage were dated August 23, and that the note carried interest from that date. The defendant was rightfully in possession of the property from the time of the auction until September 18. Up to that time the plaintiff had an equity of redemption; being in possession, the defendant had the right to the rents and profits, and he collected them as trustee for the original mortgagor. *Cheney* v. *Woodruff*, *supra*.

*Decree for the plaintiff affirmed, with costs.*