SAMUEL WEINER *vs.* LOUIS B. SLOVIN & others.

Essex.     December 4, 9, 1929. — February 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Frauds, Statute of. Mortgage,* Of real estate: foreclosure sale. *Trust,* Existence of fiduciary relationship. *Evidence,* Presumptions and burden of proof.

At a public sale of real estate in foreclosure of a second mortgage, the second mortgagee bid a sum larger than that called for by his mortgage and, there being no further bids, the auctioneer accepted the bid and declared the property sold to such mortgagee. No memorandum in writing of the sale was made by him or by anyone and no deposit was made by the purchaser or in his behalf. A third mortgagee sought by a bill in equity to compel the second mortgagee to deed the property to himself, to account to the plaintiff for the proceeds of the sale and to enjoin him from holding another foreclosure sale. The answer set up the statute of frauds. The bill was dismissed. *Held,* that

(1) By reason of the statute of frauds, the sale was unenforceable and, the defendant refusing to carry it out, the parties were left, so far as their respective interests in the mortgage were concerned, in the same position as existed before the attempted foreclosure was begun;

(2) The burden of proving compliance with the provisions of the statute of frauds was on the plaintiff;

(3) The statute of frauds was as binding in equity as at law;

(4) The provisions of the statute of frauds not being satisfied, no relationship of trust existed between the defendant and the plaintiff which should give the plaintiff the relief he sought;

(5) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on August 17, 1928, and described in the opinion.

In the Superior Court, the suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Keating,* J., there were entered an interlocutory decree confirming the report and a final decree dismissing the bill. The plaintiff appealed.

The case was argued at the bar in December, 1929, before *Rugg*, C.J., *Crosby, Pierce, Carroll, & Wait*, JJ., and afterwards was submitted on briefs to all the Justices.

*M. A. Sullivan*, for the plaintiff.

*J. A. O'Mahoney*, for the defendant.

Crosby, J. This bill in equity is brought to compel the defendant Slovin to execute and deliver to himself, purchaser at a foreclosure sale, a deed of the premises so sold in accordance with the terms of such sale. The plaintiff also prays for an accounting of the proceeds of the sale, and that the defendant Slovin be enjoined from holding another foreclosure sale. In addition to other defences the statute of frauds is pleaded in the answer.

A master to whom the case was referred found that the real estate in question was subject to a first mortgage held by the Merchants Trust Company of Lawrence in the sum of $8,000; that the defendant Slovin held a second mortgage of $4,100, accrued interest amounting to $160.30, a charge of $480 for interest paid on the first mortgage, and a charge of $175 as expenses of the foreclosure sale, making the total amount due on the defendant's mortgage $4,915.30; a third mortgage was held by the plaintiff for $1,665, together with interest thereon at the rate of seven per cent from June 22, 1927. Slovin, acting under the power of sale contained in the mortgage held by him, duly caused a notice of sale to be advertised in the Lawrence Telegram, and engaged one Fravole, then a duly licensed auctioneer, to conduct the sale. On May 31, 1928, the sale was conducted on the premises. Slovin, his attorney, the plaintiff's attorney and the plaintiff's son were present. The auctioneer went upon the premises, read the notice of sale, and called for bids to be made in accordance with the notice. Slovin then bid $12,000 for the property. The auctioneer called for further bids, and there being none he declared the property sold for $12,000 to Slovin. Both the bid and the acceptance were oral, and at the hearing before the master no evidence was introduced of any writing referring to either. Nor was there evidence of a writing or memorandum of the sale by the auctioneer or any

party to the suit, and no deposit was made at the time of the sale or thereafter, so far as appears. No deed was ever made by Slovin relating to the sale, and nothing has been paid by him to the plaintiff. On July 17, 1928, the plaintiff made a written demand upon Slovin for $1,665 and interest thereon at seven per cent from June 22, 1927, the amount due on the plaintiff's mortgage. An interlocutory decree was entered confirming the master's report to which no objection was made. In accordance with the defendant's first request the trial judge ruled that "The contract declared upon, not being in writing, is within the statute of frauds and unenforceable." The plaintiff appealed from this ruling and from a final decree dismissing the bill.

An auctioneer is the agent of both parties and has authority to make a memorandum sufficient to satisfy the statute of frauds binding both seller and purchaser. *Giolitto* v. *Dingolo*, 251 Mass. 38, and cases cited.

When a mortgagee forecloses by a sale pursuant to a power contained in the mortgage and becomes purchaser at the sale for a price in excess of the amounts due under the provisions of the mortgage, and the auctioneer makes and signs a memorandum in conformity with the statute of frauds, a suit in equity against such mortgagee can be maintained by junior lienors, if they exist, or by the mortgagor to compel an accounting. *Pilok* v. *Bednarski*, 230 Mass. 56, 58. *Hood* v. *Adams*, 124 Mass. 481, 483, 484. Those considerations, however, have no application to the facts in the case at bar. The failure of the auctioneer to make any memorandum of the purchase and sale as required by the statute of frauds makes it plain that there was no enforceable sale. The attempted sale was a nullity and never had any binding force or effect upon anyone. It follows that the foreclosure proceedings left the parties, so far as their respective interests in the mortgage are concerned, in the same position as existed before the attempted foreclosure was commenced. When the statute of frauds has been pleaded as in the case at bar, the burden of proving compliance with its terms rests upon the plaintiff. *Price* v. *Weaver*, 13 Gray, 272. Browne, Statute of

Frauds (5th ed.) § 535. The statute is as binding in equity as in law. *Glass* v. *Hulbert*, 102 Mass. 24, 28. *Tracy* v. *Blinn*, 236 Mass. 585, 587. *Linsky* v. *Exchange Trust Co.* 260 Mass. 15. It is the contention of the plaintiff that a relationship of trust existed between the parties and that the defendant was a trustee for the plaintiff in the foreclosure proceedings within the rule as stated in *Hood* v. *Adams, supra,* and *Pilok* v. *Bednarski, supra;* but in those cases it appeared that there was a sufficient memorandum to satisfy the statute of frauds. It follows in the opinion of a majority of the court that the trial judge correctly ruled that the contract, not being in writing, was within the statute of frauds and unenforceable.

*Final decree affirmed with costs of the appeal.*