## WELLMAN v. UNITED STATES.

### No. 7244.

District Court, D. Massachusetts.

Dec. 30, 1938.

Sargent H. Wellman, of Boston, Mass., for plaintiff.

John A. Canavan, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass.

SWEENEY, District Judge.

This is an action to recover a claimed overassessment of income tax paid for the year 1933. A stipulation of facts, entered into by both parties, has been filed and is adopted by the Court as part of its findings

of fact. Oral testimony was taken in addition thereto.

 Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, in accordance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff seasonably filed a tax return for the year 1933, with the Collector of Internal Revenue for the District of Massachusetts, disclosing an income of $35,030.53, and an income tax liability of $607.34. This tax was seasonably paid.

In 1935, the Commissioner assessed a deficiency against the taxpayer in the sum of $613.42, by reason of a few minor changes which are not now in issue, and by the disallowance of a deduction from income in the sum of $3,000 which had been claimed on the return as a bad debt. The deficiency was paid on January 30, 1936. The taxpayer seasonably filed a claim for refund of the deficiency assessment which was disallowed by the Commissioner, and the taxpayer was notified by letter dated July 23, 1937. The sole point in this case is whether the $3,000 deducted as a bad debt was a proper deduction.

The taxpayer became the owner in 1925 of $3,000 worth of second mortgage bonds of the Harbor Trust, Inc., a Massachusetts corporation, owning certain property and industrial buildings in the City of Boston. The owner had executed three mortgages. Covering the first mortgage, bonds in the amount of $1,250,000 were issued, of which, at the time of the entry to foreclose, there had been retired $98,500, leaving outstanding $1,151,500. Interest coupons up to and including January 1, 1932, were paid regularly. Payments on the July 1, 1932 and January 1, 1933, coupons were not made until 1935 and 1936.

On the second mortgage, bonds in the amount of $400,000 had been issued, and it was a part of this issue that the taxpayer owned. On the third mortgage, bonds in the amount of $250,000 had been issued to the First National Bank of Boston.

On August 6, 1930, an entry was made for the purpose of foreclosing the first mortgage by reason of the failure of the Harbor Trust, Inc., to maintain its provisions for a sinking fund. The mortgagee continued in possession until August 6, 1933.

There was no sale under a power contained in the mortgage, and it is the plaintiff's contention that it was not until the three-year redemption period had expired that he could ascertain that the debt was worthless and charge it off. Whether this would be true, standing alone and unaided by other facts, I do not now determine, although there does appear to be authority to that effect in some jurisdictions. See Hawkins v. Commissioner of Internal Revenue, 34 B.T.A. 918, which involved the foreclosure of a California real estate mortgage wherein the mortgagors were held to sustain a loss if and when the mortgaged property is unredeemed at the expiration of the twelve-month redemption period provided by the California statutes. The B.T.A. there held that the property was not lost until the right to redeem was lost.

Massachusetts General Laws, Chapter 244, Section 18, provides:

"The mortgagor or person claiming or holding under him may, after breach of condition, redeem the land mortgaged, unless the mortgagee, or person claiming or holding under him, has obtained possession of the land for breach of condition and has continued that possession for three years, or unless the land has been sold pursuant to a power of sale contained in the mortgage deed."

 The right to redemption continues until the land has been sold pursuant to a power of sale contained in the mortgage deed, or until three years after possession of the property has been obtained and continued for breach of a condition of the mortgage. See Beal v. Attleborough Savings Bank, 248 Mass. 342, 142 N.E. 789.

Between the date of entry and August, 1933, when the equity of redemption expired, repeated and continuous efforts were made to refinance the Harbor Trust, Inc. Several conferences were held between the underwriters of the first mortgage bonds and the underwriters of the second mortgage bonds in an effort to save all of them. This taxpayer was the holder of second mortgage bonds. Behind him was a third mortgage held by the First National Bank of Boston. The taxpayer had knowledge of the efforts that were being made to refinance the building, and had considerable hope and belief that the holder of the third mortgage bonds, either alone or collaborating with the underwriters of the two prior issues, would work out some plan of reorganization whereby the holders of the prior bonds would not

870

suffer a total loss. It was not until August, 1933, when the equity of redemption expired, that the taxpayer realized that all hope of saving his bonds was gone. This was the period in which he ascertained that the debt owed to him was worthless. It is conceded by both parties that the actual charging off was done in 1933.

■■■ I find that the taxpayer was reasonably diligent at all times in trying to ascertain the real value of the debt, and ·that 1933 was the year during which the taxpayer could first ascertain the debt to be worthless. I conclude that the Commissioner's assessment of a deficiency on this account was erroneous.

The plaintiff's motion for judgment is allowed. Computation of the amount of the judgment to be entered I leave to the parties to be agreed on. In the absence of agreement, either party may submit this ·matter to this Court for determination.

The defendant's motion for judgment is denied.·