RALPH T. RIX & another *vs.* CHARLES F. DOOLEY, JUNIOR, & others.

Essex.    October 8, 1947. — January 29, 1948.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Contract,* Sale of real estate. *Auction. Frauds, Statute of. Election. Equity Jurisdiction,* Specific performance. *Pledge. Equity Pleading and Practice,* Decree.

A memorandum, written by an auctioneer immediately following an auction sale of real estate, which contained an adequate identification of the property, a recital that the property had been "sold" to a named person, who was the successful bidder, a correct statement of the purchase price and the amount of an outstanding mortgage, and a reference to the advertisement of the sale wherein the terms for payment of the price were stated; and which concluded "By . . . [name of the auctioneer] Auctioneer," was a sufficient memorandum of the contract of sale within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, and bound both the landowner and the successful bidder.

A plaintiff in a suit in equity, who sought specific performance by the defendant of a contract to purchase real estate and also sought damages, upon proof of a case for specific performance was entitled to a decree providing that relief, but was not entitled also to have the decree provide that, if the defendant should not specifically perform within the time stated in the order for specific performance, he should pay the plaintiff a certain sum "as damages for breach of said agreement."

The seller under a contract for the sale and purchase of real estate, to whom a down payment was due thereunder, acquired an equitable title as pledgee in both a savings bank book and, up to the amount of such down payment, in the deposit represented by the book when the purchaser

delivered it, without a written assignment, to him as security for the payment; and, in a suit in equity by the seller for specific performance of the contract, a decree for the plaintiff should have included provisions requiring the defendant purchaser to execute an order on the bank to pay that amount to the plaintiff and requiring the bank, also a defendant, to pay it on presentation of the book and the purchaser's order.

BILL IN EQUITY, filed in the Superior Court on November 22, 1946, against Charles F. Dooley, Junior, Catherine Dooley, and Salem Five Cents Savings Bank.

Among the prayers in the bill were the following: "3. That it be ordered adjudged and decreed that the contract of sale and purchase between the defendants Catherine Dooley and Charles F. Dooley, Jr., and your plaintiffs be specifically enforced to purchase and accept a conveyance of said premises including said store, subject to the now outstanding mortgage of $3,500 upon the real estate. 4. That your plaintiffs have recourse to and that the aforesaid deposit of $2,504 of the defendants in said Salem Five Cents Savings Bank, be reached and applied as a part payment, if this honorable court decree specific performance. 5. If this honorable court decree that the plaintiffs be awarded damages rather than specific performance, that in that event the said deposit of the defendants with the Salem Five Cents Savings Bank, be reached and applied in whole or in part to satisfy the decree. 6. That the court will decree plaintiffs damages as against the defendants."

The suit was heard by *Hudson*, J., by whose order a final decree was entered providing "that if within thirty days from the date of this decree, the plaintiffs shall tender to the defendants, Charles F. Dooley, Jr., and Catherine Dooley, a quitclaim deed free and clear of encumbrances (except the mortgage in the amount of $3,500 and adjustments as of date of passing papers, relating to credits which may be due for taxes, insurance, water bill and rents) of the real property described in . . . the bill of complaint and a bill of sale of the fixtures and all stock therein, then in that event the defendants, Charles F. Dooley, Jr., and Catherine Dooley, shall comply with the terms of sale by:

(1) paying to the plaintiffs the sum of $7,000, the bank book of the defendants now held by the plaintiffs being retained by them subject to its use by the defendants in the matter of obtaining funds for the purpose of complying with the decree; (2) by assuming the obligation of the payment of the mortgage.

"In the event that the defendants within thirty days of the decree do not comply with the terms of the decree referred to in the aforementioned paragraph, then the defendants shall pay to the plaintiffs the sum of $2,100 as damages for breach of said agreement and the Salem Five Cents Savings Bank shall pay out of the deposit of the defendants in said bank the sum of $2,100 and upon payment of said sum the plaintiffs shall deliver to the defendants, Charles F. Dooley, Jr., and Catherine Dooley, the said bank book."

*G. Ankeles,* for the defendants, submitted a brief.

*T. A. Henry,* for the plaintiffs.

WILLIAMS, J.   This is a suit in equity in which the plaintiffs, Ralph T. Rix and Mary C. Rix, husband and wife, seek specific performance of an alleged contract to purchase certain real estate, including a store and its contents, bought by the defendants Dooley, hereinafter called the defendants, at a public auction in Beverly on November 18, 1946. The defendants have appealed from a final decree entered after findings of fact by the trial judge. The evidence is reported.

The realty involved, consisting of a building, the lower floor of which is used as a store, and a two-car garage, is located at the corner of Dodge Street and Raymond Avenue in North Beverly. On November 18, 1946, it was sold for $10,500 to the defendants Charles F. Dooley, Junior, and his wife Catherine Dooley at a public auction conducted on the premises by William R. Mitchell, a licensed auctioneer. Previously, a newspaper advertisement had stated the terms to be "20% deposit at time of sale — balance in 30 days." On opening the sale, the auctioneer read a copy of the advertisement and stated that the real estate would be sold subject to a mortgage of $3,500 held by the Beverly Trust Company. Immediately following

the sale, the auctioneer made a written memorandum on the page of his ledger on which were pasted copies of his newspaper advertisement, as follows:

"Sold to Catherine Dooley and $10,500.
Charles F. Dooley,
Land and Buildings with Store and
Contents on Dodge St. North Beverly
  as advertised
Subject to 3500.00 mortgage
      By
        W. R. Mitchell Auctioneer."

Dooley had with him at the sale a bank book of the defendant Salem Five Cents Savings Bank which showed a balance of $2,504.80. The bank being closed at the time, Rix accepted the book as security for the payment of $2,100 which Dooley agreed to procure from the bank on the following morning. Dooley requested and received a receipt which the auctioneer's secretary wrote out on a blank form of real estate agreement produced by Dooley. In substance it read as follows: "Agreement made this Nov 18th day of A. D. 19   between Ralph T. Rix and Mary C. Rix of Beverly Mass. of the first part, and Charles Dooley and Catherine Dooley, of Peabody Mass. of the second part. The party of the first part hereby agrees to sell and the party of the second part to purchase a certain estate situated 92 Dodge St. Beverly Mass. and bounded and described as follows: Corner of Raymond Ave. Beverly. The said property located at said address with all stock and fixtures and good will known as Ralph's Market for the sum of $10,500.00 of which said Ralph Rix has received deposit of 20% or $2100.00 and balance to be paid within 60 da. of date. . . . Said Ralph & Mary Rix are selling business & real estate free from all incumbrance except mortgage held by Beverly Trust of $3500.00 mortgage on Real Estate. Ralph T. Rix. Mary C. Rix." On the following day, the 19th, the Dooleys refused to withdraw the twenty per cent of the purchase price from the bank and to consummate the purchase.

The defendants contend that their purchase was at a private sale made after the auction had been "called off" and that therefore the memorandum of the auctioneer was insufficient under the statute of frauds.

The findings of the judge are substantially as above stated and negative the defendants' contention. They are not plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159, 162.

Both parties are bound under the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, by the memorandum made at the time and place of sale by the auctioneer, who at that time was acting as the agent for both sellers and purchasers. The memorandum is sufficient as to contents. *Giolitto* v. *Dingolo*, 251 Mass. 38. *Gill* v. *Bicknell*, 2 Cush. 355. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427. *Williams* v. *Bacon*, 2 Gray, 387, 393. It describes the property so as to identify it and impliedly refers to the advertisements pasted on the same page. The price is stated, the terms are given, and the mortgage encumbrance is mentioned. *Cousbelis* v. *Alexander*, 315 Mass. 729. *Irving* v. *Goodimate Co.* 320 Mass. 454, 458. *Shayeb* v. *Holland*, 321 Mass. 429. It is apparent that it correctly states the oral undertaking of the parties. *Epdee Corp.* v. *Richmond*, 321 Mass. 673. It may be noted that the above described receipt states that the balance of the purchase price is payable in sixty days. If that statement is not a mistake on the part of the auctioneer's secretary, it amounts to no more than a permission to the defendants, already bound by their contract of purchase, to make payment on slightly more favorable terms.

The bill prays for specific performance. To that the plaintiffs are entitled. *Old Colony Railroad* v. *Evans*, 6 Gray, 25, 30.

The plaintiffs are not entitled in the alternative to damages and, therefore, it is unnecessary for us to consider the accuracy of the rule of damages which the judge has employed. The plaintiffs elected to come into equity and have made out a case for equitable relief. No disability on the part of the defendants to perform their contract appears. *Eastman* v. *Simpson*, 139 Mass. 348. *Canning* v. *Shippee*, 246 Mass. 338.

The disposal of the bank book remains to be considered. It was originally delivered to the plaintiffs as security for the payment of $2,100, the amount of the required deposit, which deposit was intended as a payment on account, not to be refunded except, for defect in title. *Thompson* v. *Kelly*, 101 Mass. 291. The plaintiffs have the rights of pledgees. The delivery of the bank book, although without a written assignment, vested in the plaintiffs as collateral security an equitable title not only in the book but also in the sum deposited in the bank, to the amount of $2,100. *Taft* v. *Bowker*, 132 Mass. 277. *J. S. Lang Engineering Co.* v. *Commonwealth*, 231 Mass. 367. *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69, 75. The decree should provide that the defendants be ordered to execute an order on the savings bank to pay to the plaintiffs $2,100 and that the defendant savings bank be ordered to make such payment on presentation of·the bank book with the defendants' order.

The parties have not contended that the final decree is wrong in providing that the obligation of the defendants to pay $10,500 is to be discharged by the payment by them in cash of $7,000 and the assumption by them of the payment of the $3,500 mortgage. The defendants have not argued the point, *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284, and the plaintiffs have not appealed from the decree. *Kilkus* v. *Shakman*, 254 Mass. 274, 280.

The final decree, modified as above indicated, is affirmed with costs of the appeal.

*So ordered.*