OUTPOST CAFE, INC. *vs.* FAIRHAVEN SAVINGS BANK
& others.[1]

Bristol.    December 11, 1974. — January 21, 1975.

Present: HALE, C.J., ROSE, KEVILLE, & GRANT, JJ.

*Mortgage,* Of real estate: foreclosure.  *Auction.*

When a mortgagee of real property executes a memorandum of sale with a purchaser at a foreclosure auction, the property is "sold" within the meaning of G. L. c. 244, § 18, barring the mortgagor's right to redeem. [2-8]

BILL IN EQUITY filed in the Superior Court on January 23, 1973.

The suit was heard by *Mason,* J.

*Louis J. Ostric* for the plaintiff.

*Kenneth D. Lipman* for W & K Realty, Inc. & another.

*Davis C. Howes* for Fairhaven Savings Bank.

---

[1] W & K Realty, Inc., Abraham Weinstein and Samuel Lipman.

GRANT, J.   At some unspecified point in 1972 the plaintiff was in breach of one or more of the conditions contained in a mortgage of certain premises in Dartmouth which it had given to the defendant savings bank (defendant) in 1970. On January 16, 1973, the defendant made an entry on the premises for the purpose of foreclosing the mortgage. On the same day, pursuant to a power of sale contained in the mortgage,[2] there was conducted on the premises a duly advertised auction sale at which the premises were struck off to the highest bidder, which put down a deposit in accordance with the terms of the sale and entered into a memorandum of sale with the attorney for the defendant. Six days later, on January 22, 1973, the plaintiff tendered to the defendant an amount which the plaintiff claimed was in excess of the amount then due under the terms of the mortgage; the defendant refused to accept the tender. The plaintiff brought the present bill to redeem on the following day, by which time the defendant had executed but had not yet delivered a deed of the premises to the purchaser at the foreclosure sale. The plaintiff has appealed from a final decree of the Superior Court dismissing the bill on the ground that the tender came too late because the equity of redemption had already been foreclosed.

The disposition of this case turns on when "the land has been *sold* pursuant to a power of sale contained in the mortgage deed" (emphasis supplied) within the meaning of G. L. c. 244, § 18,[3] and on when a *"sale* [occurs] pursuant

---

[2] The mortgage itself is not before us, but the parties appear to have proceeded on the basis that it was given on the statutory condition and contained the statutory form of power of sale. See G. L. c. 183, §§ 8 and 18-21.

[3] "The mortgagor or person claiming or holding under him may, after breach of condition, redeem the land mortgaged, unless the mortgagee, or person claiming or holding under him, has obtained possession of the land for breach of condition and has continued that possession for three years, *or unless the land has been sold pursuant to a power of sale contained in the mortgage deed"* (emphasis supplied). The substance of the italicized words appears to have been inserted by the Commissioners for Consolidating and Arranging the General Statutes

to a power contained in the mortgage" (emphasis supplied) within the meaning of G. L. c. 244, §§ 21 and 22.[4] The defendant and the purchaser contend that the premises were "sold" within the meaning of those sections at least as early as the time when they executed the memorandum of sale at the foreclosure sale; the plaintiff contends that a "sale" is not complete until a deed is delivered to the purchaser at the foreclosure sale and that it may redeem the premises at any time prior to the delivery of such a deed.

An auction sale is complete, in the generally understood sense, when the auctioneer signifies his acceptance of the highest bid, and this is so whether the subject of the sale be real estate (*Conway Sav. Bank* v. *Vinick*, 287 Mass. 448, 453 [1934]) or personal property (G. L. c. 106, § 2-328[2][5]). A study of various of the sections of G. L. c. 244 preceding those already cited yields a number of indications that such is the sense in which the words "sold" and "sale" are employed in the statutory provisions concerned with the foreclosure of a mortgage by the exercise of a power of sale contained therein. Thus, § 12 ("within ten days after the sale"), § 15 ("within thirty days after the sale"), § 17A ("within two years after the date of the foreclosure sale") and § 17B ("not less than twenty-one days before the date

---

(see Res. 1880, c. 46) in the course of the transition from Gen. Sts. (1860) c. 140, § 13, to Pub. Sts. (1882) c. 181, § 21. See *Way* v. *Mullett*, 143 Mass. 49, 52-53 (1886).

[4] Section 21 reads: "The tender may be made before the expiration of the three years limited for redemption, and before or after entry for breach of condition, *and before a sale pursuant to a power contained in the mortgage ...*" (emphasis supplied). Section 22 reads: "The person entitled to redeem may, before the expiration of the three years limited for redemption, and before or after an entry for breach of condition, *and before a sale pursuant to a power contained in the mortgage,* commence suit for redemption without previous tender ...*" (emphasis supplied). The italicized words in both sections appear to have been inserted in the course of the transition from Pub. Sts. (1882) c. 181, §§ 22 and 24, to R. L. (1902) c. 187, §§ 21 and 22. See *Skolnick* v. *Greenburg,* 230 Mass. 359, 362 (1918).

[5] "A sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner...."

of the sale under the power in the mortgage") all serve to pinpoint and identify the "sale" in terms of what happens on the date advertised for the sale of the premises at public auction, while § 14[6] carefully distinguishes between (a) a "sale" and (b) the "deed" to the purchaser thereunder, the delivery of which "complete[s] the purchase."

If we were to be guided solely by the ordinary principles of statutory construction, we would unhesitatingly conclude that the premises in this case were "sold" within the meaning of § 18 on the date of the foreclosure sale and that the plaintiff's tender came too late because not made until after the equity of redemption had been barred by virtue of the concluding provision of that section. We believe that a careful analysis of the pertinent cases leads to the same conclusion.

The plaintiff places great reliance on the following language appearing in the case of *Way* v. *Mullett,* 143 Mass. 49 (1886): "If the sale is complete, *and* the conveyance made of the estate, in accordance with the terms of the mortgage, the mortgagor loses his equitable right of redemption, and an unconditional estate passes to the purchaser. But, until the power is executed, the relation of the mortgagor and mortgagee remains independent of the power to sell.... The power in the mortgage to sell, unexecuted, leaves the estate as it would be if no such power existed" (143 Mass. at 52; emphasis supplied). The precise, and only, question decided by the majority of the court in that case was whether a mortgagor who had brought a bill to redeem *before* the foreclosure sale could maintain his bill

---

[6] "...A notice of sale in the above form, published in accordance with the power in the mortgage and with this chapter, together with such other or further notice, if any, as is required by the mortgage, shall be a sufficient notice of *the sale; and the premises shall be deemed to have been sold, and the deed thereunder shall convey the premises,* subject to and with the benefit of all restrictions, easements ... and existing encumbrances of record created prior to the mortgage ... ; *but no purchaser at the sale shall be bound to complete the purchase if* there are encumbrances, other than those named in the mortgage and included in the notice of sale, which are not stated *at the sale* and included in the auctioneer's contract with the purchaser" (emphasis supplied).

without having made a prior *tender of the amount due
under the mortgage.*[7] The plaintiff has apparently over-
looked the significance of the majority's quotation (143
Mass. at 52-53) of Pub. Sts. (1882) c. 181, § 21 (a direct
ancestor of G. L. c. 244, § 18), and the following comments
with respect thereto: *"The last clause of § 21*[8]*] was evi-
dently enacted for the purpose of fixing the time when a
foreclosure is complete, under the execution of a power of
sale in a mortgage.* The section treats of those who may
redeem, and *when* they may redeem, and of *nothing more.*
It does not change the law which was in force when this
provision was enacted, except to determine *when* the mort-
gagor may redeem the mortgaged premises. By its terms,
until a *sale* of the premises is completed, the mortgagor,
or any person claiming under him, may redeem the same"
(143 Mass. at 53; emphasis supplied). We believe the fair
implication of the italicized words, when they are considered
in conjunction with the language of the last clause of Pub.
Sts. (1882) c. 181, § 21,[8] is that the "foreclosure is com-
plete" at the time of the auction sale. Indeed, the use of
the conjunctive *"and"* in the portion of the opinion relied
on by the plaintiff strongly suggests that the "sale" is to be
regarded as complete *before* a conveyance to the purchaser.

The opinion in the case of *Clark* v. *Griffin*, 148 Mass. 540
(1889), merely reiterated the holding in the *Way* case,
while noting that the bill to redeem had been brought be-
fore the time advertised for the foreclosure sale. The case of
*Judge* v. *Pfaff*, 171 Mass. 195 (1898), is of no assistance
in pinpointing the actual moment of "sale" for purposes of
G. L. c. 244, § 18.

Of all those cases which have discussed the predecessors
of G. L. c. 244, §§ 18, 21 and 22, the one of *Brown* v. *Went-*

---

[7] As already indicated in n. 4, sixteen years would elapse following
the decision in the *Way* case before the words "and before a sale pur-
suant to a power in the mortgage" were to make their formal appear-
ance in what are now G. L. c. 244, § 21 and 22.

[8] "or unless a sale of such premises has been made pursuant to a
power of sale contained in the mortgage." See now the last clause of
G. L. c. 244, § 18 (*Supra,* 3).

*worth,* 181 Mass. 49 (1902), bears the closest factual resemblance to the case at bar, as the bill to redeem in that case was brought after the foreclosure sale but prior to any conveyance to the purchaser. The court relied on the *Way* case as authority for upholding the denial of the plaintiff's request for a ruling to the effect that, having brought her bill and offered to pay the amount due before the conveyance to the purchaser, she was entitled to redeem as of right (181 Mass. at 50), saying, "In the first place, the plaintiff claims a right to redeem as matter of law because the bill, although filed after the sale, was brought before the conveyances were executed to carry it out. We are of opinion that she has no such right. Unless there was some defect in the proceedings, her rights were gone when the contract was made[9]" (181 Mass. at 52). The case of *Matthews* v. *Dinner,* 237 Mass. 153, 154 (1921), also relied on the *Way* case to reach the same result as in the *Brown* case.

We would regard the *Wentworth* and *Matthews* cases as decisive of the issue in the present case were it not for the following statements in *Beal* v. *Attleborough Sav. Bank,* 248 Mass. 342 (1924), on which the plaintiff places its greatest reliance: "The auction sale was in effect a mere contract for a sale. The sale was not executed until the deed was delivered, when the title passed to the purchaser" (248 Mass. at 343). What follows the quoted statements suggests that the author of the opinion misunderstood the true implications of the *Way* case which have been outlined above. In any event, what was said must be regarded as dictum, as the only issue in the *Beal* case was whether the mortgagor was entitled to be credited with certain rents and profits received by the mortgagee during the period intervening between the foreclosure sale and the date of the delivery of the deed to the purchaser.

The author of the opinion in the *Beal* case appears to

---

[9] A memorandum of the sale at the auction is necessary in order to satisfy the Statute of Frauds. *Weiner* v. *Slovin,* 270 Mass. 392, 393-394 (1930). *First Natl. Bank* v. *Fairhaven Amusement Co. Inc.* 347 Mass. 243, 245 (1964).

have had second thoughts on the correctness of what he had said in that case. In *White* v. *Macarelli*, 267 Mass. 596 (1929), he relied on the *Brown* case as authority for the following statements: "The intervener [a second mortgagee who sought to set aside a foreclosure sale for alleged irregularities therein] contends that he has a right to redeem after the auction sale and before the conveyance is made. If a foreclosure sale is fairly conducted and there is no defect in the proceedings, the right of the intervener to redeem is gone when the contract of sale was made with the purchaser at the auction" (267 Mass. at 598-599). The *Beal* case was specifically distinguished as involving a form of equitable ownership other than the equity of redemption, and the opinion concluded with the specific statement that "[*t*]*he mortgagor, after a valid auction sale under a power of sale in the mortgage deed, has no right to redeem,* although he has an ownership of the equity" (267 Mass. at 599; emphasis supplied).

The foregoing distinction was specifically noted in the subsequent case of *Schanberg* v. *Automobile Ins. Co. of Hartford*, 285 Mass. 316 (1934), where the court appears to have agreed with the contention of the purchaser at the foreclosure sale that the *White* case stands for the proposition that "the equity of redemption ... [is] barred as soon as the property ... [is] knocked down at the foreclosure sale" (285 Mass. at 318). The opinion in the *Schanberg* case cited that in the *Beal* case with approval, but principally for the proposition that "[u]ntil the deed is given, the mortgagor has a right to an accounting for rents and profits" (285 Mass. at 319).

We are of the opinion that the cases, when considered in their entirety, support the conclusion which should be reached by the ordinary processes of statutory construction and which we have already outlined above. Accordingly, we hold that the plaintiff's equity of redemption was barred under the concluding clause of G. L. c. 244, § 18, at least as early as the point in time when the memorandum of sale was executed with the purchaser at the foreclosure sale. It follows that the plaintiff's tender and bill came too late un-

der either § 21 or § 22. The tender was properly refused, and the bill was properly dismissed.

*Decree affirmed.*