**In re Nolan E. DOW, III and Jean B. Dow, Debtors.**

**No. 99–47768–JFQ.**

United States Bankruptcy Court, D. Massachusetts.

June 29, 2000.

Denise M. Pappalardo, Worcester, MA, trustee.

## Decision

JAMES F. QEEENAN, Jr., Bankruptcy Judge.

On December 20, 1999, at 10:25 a.m., the auctioneer's hammer came down on a foreclosure sale by Chase Mortgage Co. ("Chase") upon the home of Nolan and Jean Dow (the "Debtors"). Chase was the high bidder, having bid the specific amount of the mortgage debt, $133,523.13. At 10:28 a.m., the Debtors filed a petition under Chapter 13 of the Bankruptcy Code. A few minutes after the bankruptcy filing Chase signed a memorandum of sale. No foreclosure deed was ever delivered. In their Chapter 13 plan the Debtors propose to commence regular monthly payments under Chase's mortgage and to pay the prepetition mortgage arrearage over the three-year period of the plan. Contending that the bankruptcy petition was filed after the Debtors lost ownership and hence too late for the home to become property of the bankruptcy estate, Chase objects to confirmation of the plan. It also moves for relief from the automatic stay so that it might evict the Debtors. Having conducted an evidentiary hearing on both matters, I set forth here my findings of fact and conclusions of law.

The question is this: At the time of their bankruptcy filing, did the Debtors under Massachusetts law have the right to redeem the mortgage by payment of the full mortgage debt? If they could redeem, they also had possessory rights in the property for the purpose of settling with their creditors under the Bankruptcy Code. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re Pluta*, 200 B.R. 740 (Bankr.D.Mass.1996). And, if the Debtors had redemption rights, their chapter 13 plan can provide for cure of the prepetition default over the life of the plan. *See* 11 U.S.C.S. § 1322(b)(3) (Law.Co-op.1987). The plan can then also provide for maintenance of current payments under the mortgage if, as is the case here, the due date for the last payment under the mortgage is after the date for final payment under the plan. *See* 11 U.S.C.S. § 1322(b)(5) (Law.Co-op.1987).

Under Massachusetts statute, a mortgagor may redeem the mortgaged property unless it has been "sold" pursuant to a power of sale under the mortgage. *See* Mass.Gen.Laws Ann. ch. 244, § 21 (Law.Co-op.1986). The tender of payment must be made "before a sale pursuant to a power contained in the mortgage...." Mass.Gen.Laws Ann. ch. 244, §§ 21, 22 (Law.Co-op.1986).

Research discloses no Massachusetts decision dealing with a mortgagor's redemption rights between the close of bidding and the signing of a memorandum of sale by the winning bidder. That is not surprising given the brief interval normally encompassed by this period. There are decisions, however, which concern redemption rights after execution of the memoran-

dum and before delivery of the deed. They deny the mortgagor redemption rights, holding a sale has taken place within the meaning of the governing statutes. *See White v. Marcarelli,* 267 Mass. 596, 166 N.E. 734 (1929); *Brown v. Wentworth,* 181 Mass. 49, 62 N.E. 984 (1902); *Outpost Cafe, Inc. v. Fairhaven Sav. Bank,* 3 Mass. App.Ct. 1, 322 N.E.2d 183 (1975). In so holding they state that redemption rights are lost "when the contract of sale was made with the purchaser." *White,* 166 N.E. at 736; *see also Brown,* 62 N.E. at 984; *Outpost Cafe,* 322 N.E.2d at 186. Because it was unnecessary in deciding the case before them, these courts do not indicate whether they consider the contract "made" when the highest bid is accepted or when the memorandum of sale is signed. The court in *Outpost Cafe* concluded that the redemption rights were lost "at least as early as the point in time when the memorandum of sale was executed with the purchaser at the foreclosure sale." *Outpost Cafe,* 322 N.E.2d at 187.

Although not faced with an attempted exercise of redemption rights, *Williams v. Resolution GGF OY,* 417 Mass. 377, 630 N.E.2d 581 (1994), is more helpful. It was a suit by a mortgagor against a mortgagee complaining that the mortgagee, who had bid at the foreclosure sale, had acted improperly in not dealing with a potential purchaser following the auction. The decision does not indicate whether the allegedly improper conduct took place before or after delivery of the deed. The court held that as owner of the property the mortgagee was under no obligation to sell its ownership interest. In so holding, the court said this, citing *White* and *Outpost Cafe:* "The execution of the memorandum of sale terminated the plaintiffs' equity of redemption." *Id.* at 585.

Based primarily upon *Williams,* I conclude that under Massachusetts law redemption rights still exist until the execution of a memorandum of sale following the bidding process. My colleagues in this district have come to the same conclusion in cases where the memorandum of sale was executed prior to the bankruptcy filing. *See In re Theoclis,* 213 B.R. 880 (Bankr.D.Mass.1997); *Brown v. Financial Enters. Corp. (In re Hall),* 188 B.R. 476 (Bankr.D.Mass.1995). Although the *Williams* court made no mention of this consideration, because of the statute of frauds the mortgagee incurs no binding contractual liability to the purchase until the purchaser signs the memorandum. *See* Mass.Gen.Laws Ann. ch. 259, § 1 (Law.Co-op.1992). The rights of a third party then intervene. It would therefore make no sense for the mortgagor to have redemption rights thereafter.

The Debtors, therefore, could still redeem the property when they filed their Chapter 13 petition. Those redemption rights, indeed the entire property interest, passed to the bankruptcy estate, triggering the automatic stay. It follows that the execution of the memorandum of sale is void.

A separate order has issued overruling Chase's objection to plan confirmation and denying its motion for relief from stay.