293 B.R. 828 (2003)
In re: Alan A. GRASSIE, Debtor.
No. 02-18543 WCH.
United States Bankruptcy Court, D. Massachusetts. Eastern Division.
April 25, 2003.
*829 Robert L. Perry, for debtor.
Sanjit S. Korde, for creditor.

Memorandum of Decision
WILLIAM C. HILLMAN, Bankruptcy Judge.
I. Introduction
The matter before the Court is the Motion By Creditor Countrywide Home Loans, Inc., as Servicing Contractor For *830 Bank of New York, For Order Confirming That Automatic Stay Does Not Preclude Conclusion Of Foreclosure Sale And/Or For Nunc Pro Tunc Relief from Automatic Stay (the "Motion"). Because the auction sale did not satisfy the Statute of Frauds at the time Alan A. Grassie (the "Debtor") filed for bankruptcy, he had the right to redeem 97 Rear Swifts Beach Road, Wareham, Massachusetts, (the "Property"). As such, I will deny that part of the Motion seeking an order and reschedule a hearing on that part of the Motion seeking stay relief in light of this ruling.
II. Facts
The parties agree on the facts in this case. The Debtor is the co-owner and co-mortgagor of the Property with his non-debtor spouse. The Bank of New York, by assignment, holds a first mortgage on the Property. Countrywide (the "Creditor"), as servicing contractor for the Bank of New York, filed a foreclosure complaint in the Massachusetts Land Court ("Land Court") on August 8, 2002. The Land Court issued judgment on the Creditor's foreclosure complaint on October 22, 2002 and granted the Creditor the right to foreclose on the Property.
At 10:33 a.m. on November 26, 2002, the auctioneer commenced the auction for the Property. An agent of the Creditor was present for the auction. William P. Bachant (the "Purchaser") submitted the winning bid of $211,000 and the auction concluded at 10:48 a.m. At 10:50 a.m., the Purchaser submitted his $5,000 deposit and signed the memorandum of sale. Neither the auctioneer nor the agent of the Creditor signed the memorandum of sale at the time the Purchaser signed. No witness signed the memorandum of sale.
At 11:04 a.m. on November 26, 2002, the Debtor filed his bankruptcy petition. On December 4, 2002, the auctioneer signed the memorandum of sale and the agent of the Creditor signed as witness.
I held a hearing on the Motion on January 16, 2003 and took this matter under advisement at that time. Both parties filed briefs in support of their arguments.
III. Analysis
The Creditor argues that the stay does not apply because the foreclosure sale was valid and the Debtor had no interest in the Property when he filed his petition. The Debtor contends that the memorandum of sale was not properly executed so that he had the right to redeem the Property and list the property in his bankruptcy petition. The controlling issue is whether the completion of the auction sale combined with the Purchaser's signature on the memorandum of sale satisfied the Statute of Frauds and terminated the Debtor's equity of redemption. If the Statute of Frauds was not satisfied and the Debtor retained the equity of redemption as of his petition date, the automatic stay would prevent the continuance of "a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1); see also § 362(a)(2).[1]
A debtor retains the equity of redemption of mortgaged property until the land has been sold pursuant to the power of sale. Mass. Gen. Laws ch. 244, § 21; In re Dow, 250 B.R. 6, 8 (Bankr.D.Mass.2000); see *831 Wellman v. U.S., 25 F.Supp. 868, 869 (D.Mass.1938). The power of sale is a completed sale that occurs upon the execution of the memorandum of sale. The execution of the memorandum of sale terminates a debtor's equity of redemption. See In re Dow, 250 B.R. at 8; Williams v. Resolution GGF OY, 417 Mass. 377, 384, 630 N.E.2d 581 (1994).
The execution of a memorandum of sale occurs when the parties have complied with the Statute of Frauds. Weiner v. Slovin, 270 Mass. 392, 393-94, 169 N.E. 64 (1930); see Outpost Cafe, Inc. v. Fairhaven Sav. Bank, 3 Mass.App.Ct. 1, 3, 322 N.E.2d 183 (1975) (a memorandum of the sale at an auction is necessary in order to satisfy the Statute of Frauds). In Massachusetts, the Statute of Frauds requires in pertinent part:
No action shall be brought . . . [u]pon a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them . . . [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.
Mass. Gen. Laws. ch. 259, § 1.
Whether the parties complied with the Statute of Frauds depends upon whether the party to be charged signed the memorandum of sale. At the time of the bankruptcy filing, only the Purchaser had signed. Neither the auctioneer, as agent for the Creditor, nor the Creditor itself signed the memorandum of sale.[2] The Creditor contends that the Purchaser's signature was sufficient as the Purchaser was the party to be charged. The Creditor relies on a number of Massachusetts bankruptcy and state cases that have stated that the right to redeem mortgaged property terminates as early as when the memorandum is executed by the purchaser. In re Dow, 250 B.R. at 8; In re Theoclis, 213 B.R. 880, 882 (Bankr.D.Mass.1997); Brown v. Financial Enterprises Corp., 188 B.R. 476, 482 (Bankr.D.Mass.1995); Outpost Cafe, 3 Mass.App.Ct. at 7, 322 N.E.2d 183. Implicit in these cases is that the seller's signature was on the memorandum of sale prior to the purchaser's signing because the enforcement of the sale by the purchaser is only effective under the Statute of Frauds against the seller after the seller has signed.
The law in Massachusetts concurs with many other jurisdictions that the "party to be charged" is the defendant or the party to be charged with the legal action. Old Colony R.R. Corp. v. Evans, 72 Mass. 25, 32-33 (1856) (when a defendant, whether vendor or vendee, has signed a contract, the defendant may be bound to perform his contract while the other may avoid his obligation by reason of the Statute of *832 Frauds); Weseley Software Dev. Corp. v. Burdette, 977 F.Supp. 137, 143 (D.Conn.1997) (memorandum must be signed by party to be charged in the legal proceeding, not the party to be bound by contract); Sill v. Ocala Jewelers, Inc., 210 So.2d 458, 460 (Fla.App.1968) ("the Statute of Frauds is intended for the benefit of both the seller and the purchaser of land, and that `the party to be charged' referred to in the statute shall be construed to mean the person against whom liability is asserted, whether that person be the alleged seller or buyer of the land in question").
The effect of the Purchaser's signature is that the Purchaser could be compelled to continue his purchase. The Purchaser's signature has no significance on the Creditor's disposition of the Property. To compel a seller to transfer real estate, the seller must have signed the memorandum of sale for it to be enforceable under the Statute of Frauds. Espy v. Eells, 349 Mass. 314, 317, 207 N.E.2d 918 (1965) (necessary for purchaser to prove existence of adequate memorandum signed by the seller in order to compel specific performance of transfer of real property); Smith v. Int'l Paper Co., 87 F.3d 245, 247 (8th Cir.1996) (when party to be charged is the putative seller of real estate, there must be a writing signed by the seller reflecting a promise to sell); Showcase Realty, Inc. v. Whittaker, 559 F.2d 1165, 1167 (9th Cir.1977) (lack of sellers' signatures in their individual capacities automatically precluded the possibility of an enforceable contract against them).
The Purchaser's signature, in this matter, did not bind the Creditor to convey the Property. Without the Creditor's signature or the signature of the auctioneer as an agent for the Creditor, the Purchaser cannot compel the Creditor to transfer the Property. Therefore, unlike the cases upon which the Creditor relies, the party to be charged here is the Creditor. Because the Creditor did not sign the memorandum of sale prior to time the Debtor filed his petition, the memorandum did not extinguish the Debtor's equity of redemption. Accordingly, because the Debtor retained his equity of redemption at the time of his filing, the Property remained in the Debtor's bankruptcy estate. The automatic stay therefore applies to the Property and prevents completion of the transfer of the Property to the Purchaser.
IV. Conclusion
For the above reasons, I will enter an order denying that part of the Motion seeking an order regarding the application of the stay. I will reschedule a hearing on that part of the Motion that seeks relief from stay in light of this ruling.
NOTES
[1] The Creditor asserts that the auctioneer's signature on the memorandum of sale was simply a ministerial act that does not transgress the automatic stay. The Creditor is mistaken in this assertion. The execution of a memorandum of sale far exceeds the bounds of ministerial acts, which are essentially clerical in nature. See Soares v. Brockton Credit Union, 107 F.3d 969, 974 (1st Cir.1997).
[2] An auctioneer may act as an agent for both the purchaser and the seller at an auction sale. Weiner, 270 Mass. at 394, 169 N.E. 64; Giolitto v. Dingolo, 251 Mass. 38, 40, 146 N.E. 226 (1925). Both parties are bound under the Statute of Frauds to the memorandum of sale that an auctioneer executes on their behalf. Rix v. Dooley, 322 Mass. 303, 307, 77 N.E.2d 233 (1948). Failure of the auctioneer to make any memorandum of the sale as required by the Statute of Frauds results in no enforceable sale. See Weiner, 270 Mass. at 394, 169 N.E. 64. Moreover, an auctioneer's authority does not extend beyond the time of the sale unless the seller expressly bestows additional authority on the auctioneer beyond the performance of the auction. Id.; White v. Dahlquist Mfg. Co., 179 Mass. 427, 433, 60 N.E. 791 (1901). The fall of the hammer at the auction signifies the acceptance of the bid and an agreement between the parties, but will not alone terminate a debtor's equity of redemption under the Statute of Frauds. See In re Dow, 250 B.R. at 8; Williams, 417 Mass. at 384, 630 N.E.2d 581; Way v. Mullett, 143 Mass. 49, 52, 8 N.E. 881 (1886).