Neel, J.
The plaintiff-intervenor, Quing Shui (Shui), seeks money damages from the defendants, Chatham Development Corporation (CDC), Robert L. Sullivan (Sullivan), and Michael F. Iodice (Iodice), allegedly resulting from their refusal to rent housing to Shui because of his race and family status.[1] Defendants counterclaimed for abuse of process. Shui now moves, under G.L.c. 231, Sec. 59H, to dismiss the counterclaim, asserting that the defendants have failed to meet their burden of showing that Shui’s claims are devoid of any reasonable factual support and that the defendants suffered actual injury. For the following reasons, the plaintiffs special motion to dismiss is allowed.
BACKGROUND
In September 1994, Shui, an Asian-American permanent United States resident, moved to Boston with his family. On September 16,1994, MarkFarrar, areal estate agent, showed Shui an apartment for rent at 2350 Commonwealth Avenue in Newton. Shui completed a rental application, indicating his current income of $60,000, and submitted his 1993 W-2 tax forms, indicating his previous income of $50,000. Farrar submitted the application to Sullivan, an agent of CDC, the property management company which manages the premises, and to Iodice, the trustee of the 2300 Trust which owns' the property.
On September 22, 1994, Farrar notified Shui that Sullivan and Iodice had rejected his application because he lacked sufficient income. Defendants subsequently rented the apartment to two Caucasian women whose combined income was $60,000 and who had no children.
Shui, believing that CDC and Iodice refused to rent the apartment to him because he is Asian-American, filed a discrimination claim with MCAD. On May 31, 1995, MCAD found probable cause to credit Shui’s claim that the defendants had discriminated against him in violation of G.L.c. 15 IB, Sec. 5. Thereafter, the defendants elected to exercise their right to judicial determination in the Superior Court.[2] In the Superior Court action, the defendants asserted a counterclaim for abuse of process against Shui based upon his complaint with MCAD.
DISCUSSION
General Laws c. 231, Sec. 59H (the anti-SLAPP statute), provides for a special motion to dismiss “[i]n any case in which a party asserts that the civil claims, counterclaims or cross claims against said party are based upon said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth . . .’’In determining what claims the anti-SLAPP statute prohibits, the purpose of the statute is a pivotal consideration. The legislature intended the statute to protect a citizen’s right to speak out on matters of “public interest,” and to participate in “governmental proceedings” implicating matters of “public concern.” Sullivan v. Murphy, et al., 5 Mass. L. Rptr. No. 3, 67, 68 (April 22, 1996). The protection afforded by Sec. 59H does not extend to purely private tortious conduct. See Bisognano v. Jain, 4 Mass. L. Rptr. No. 30, 671, 672 (March 18, 1996). As Justice Whitehead noted in Sullivan v. Murphy, et al, 5 Mass. L. Rptr. No. 3, 67, 68 (April 22, 1996):
[a] review of the legislative history surrounding [the] anti-SLAPP statute makes it clear that the General Court intended to protect a citizen’s right to speak on an issue of public interest or concern. Citizen participation in public matters was the focus of the floor debate. Incidents described by proponents of the legislation to illustrate the evils which it was designed to remedy were incidents involving citizens sued for speaking out on issues of public concern. “House Floor Debate Minutes.” State House News Service, December 19, 29, 1994 . . .
While apparently no Massachusetts appellate court has yet considered the anti-SLAPP statute, several recent Superior Court decisions have addressed its scope. Sullivan v. Murphy, id. At 67-68; Bisognano v. *77 Jain, 4 Mass. L. Rptr. No. 30, 671 (March 18, 1996). In Sullivan v. Murphy, the court held that the antiSLAPP statute did not bar a counterclaim for abuse of process arising from a private dispute as to the ownership of certain real estate. Similarly, in Bisognano v. Jain, the court held that the anti-SLAPP statute did not prohibit an abuse of process claim arising from a private dispute between two college students. On the other hand, charges of discrimination in housing, such as are presented by the case at bar, are of serious public concern. Moreover, after Shui filed a discrimination claim with the MCAD, the MCAD initiated this action against the defendants. Thus, unlike Sullivan v. Murphy or Bisognano v. Jain, this case did not begin as a dispute solely between private parties and is clearly within the scope of the statute.
Having determined that the anti-SLAPP statute applies, the court must next determine whether the defendants have sustained the statutory burden to defeat Shui’s motion to dismiss. Section 59H requires defendants to show that (1) Shui’s exercise of his right to petition was "devoid of any reasonable factual support or any arguable basis in law,” and (2) Shui’s acts “caused actual injury” to defendants. The MCAD finding of probable cause to credit Shui’s discrimination claims defeats any contention that Shui’s claims are “devoid” of reasonable factual support or have no sound basis in law.[3]
Moreover, the defendants have failed to make any specific claims of injury. Instead, the defendants’ counterclaim alleges a general and unsubstantiated claim of economic injury. In any event, this court’s finding that the defendants have failed to show that Shui’s claims are without reasonable factual support and sound basis in law render a determination of actual injuiy unnecessary.
ORDER
For the foregoing reasons, plaintiffs special motion to dismiss is ALLOWED. The plaintiff may submit an affidavit of attorneys fees for the purpose of assessing costs against the defendants.

 The MCAD initially filed this action under G.L.c. 151B, Sec. 5 on behalf of Shui. Shui subsequently intervened in the action pursuant to G.L.c. 151B, Sec. 5, as amended by St., 1989, c. 722, which entitles an aggrieved person to intervene in the action after the MCAD has made a finding of probable cause.

 See G.L.c. 15IB, Sec. 5 which confers a “right to the complainant and respondent to elect judicial determination of the complaint as an alternative to determination in a hearing before the commission” once the MCAD has made a finding of probable cause.

 To the extent that the MCAD’s finding of probable cause may be insufficient to establish that the plaintiffs claims have reasonable factual and legal support, this court’s own review of the pleadings, memoranda, and other material submitted lead it to concur in the MCAD’s determination.