Spurlock, J.
Plaintiffs Gail Harris, Paul Harris (the Harrises), Diane Feinzig, and David Feinzig (the Feinzigs) brought suit against J.C. Erb Construction, Inc., Gary Erb, James Erb, and Lorraine Erb. The complaint is in nine counts, all arising from events that transpired on August 19-20, 1992: Count I, injury to property; Count II, trespass to property; Count III, conversion of property; Count IV, intentional infliction of emotional distress; CountV, malicious abuse of process by Gary Erb against Paul Harris: Count VI, intentional infliction of emotional distress by Gary Erb on Paul Harris; Count VII, civil conspiracy by Gary Erb and James Erb; Count VIII, civil conspiracy with Rodelyn Ficksman; and Count IX, piercing the corporate veil.
Defendants have moved for summary judgment pursuant to Mass.RCiv.P. 56 and argue that the Harrises claims in Counts I-III should be dismissed because the Harrises do not have standing to assert such claims; and/or that Paul Harris’ claims in Counts I-IX should be dismissed because he signed an agreement in which he waived his right to bring a civil action against Gary Erb.
For the reasons discussed below, defendants’ summary judgment motion is allowed in the following manner: the Harrises claims in Counts I, II, and III are dismissed because the Harrises had no ownership interest in the property and, therefore, lack standing to assert claims sounding in tort for injury to property;[3] and Counts V, VI, and VII are dismissed in their entirety because Paul Harris is bound by an enforceable agreement not to sue Gary Erb. Defendants’ motion for summary judgment is otherwise denied.
DISCUSSION
On June 1, 1992, the Feinzigs contracted to sell their home to the Harrises. However, portions of the Feinzigs’ retaining wall and driveway were on a neighboring parcel owned by Rodelyn Ficksman (Ficksman). Upon learning of the prospective sale arid after the real estate contract was executed but before the closing, Ficksman informed the Feinzigs that she did not want the retaining wall to remain on her property. She then hired J.C. Erb Construction to destroy the intruding structures.
On August 19, 1992, James Erb removed the wall and, on the next day, Erb removed the driveway. This led to an altercation between Gary Erb and Paul Harris and Gary Erb filed a criminal assault complaint against Harris in the Newton District Court. However, both parties executed a written agreement and the complaint was dismissed.
On August 20, 1992, the Feinzigs and the Harrises, upset with what had transpired, filed suit against Rodelyn Ficksman. Count I was for injunctive relief; Count II was for breach of duty for lateral support; Count III was for intentional infliction of emotional distress; Count IV was for intentional interference with advantageous relations; Count V was for specific performance; and Count VI was for money damages. Although the court granted a TRO, the closing between the Harrises and Feinzigs fell through. Ultimately, there was a jury waived trial and the court (Fremont-Smith, J.) ordered a permanent injunction offset by $1000 in damages for Ficksman.
On August 10, 1995 plaintiffs filed this suit in nine counts basically alleging that various actions of the defendants in August of 1992 caused person injury and property damage.
There is essentially a two-prong test to determine if summary judgment should be granted. First, summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). To determine if there is a genuine issue of material fact, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. Attorney General v. Bailey, 386 Mass. 367, 371 (1982). Also, the court must resolve against the moving party all doubt concerning the existence of material fact. id. at 371.
Second, “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the *26 existence of a material fact in order to defeat the motion.” Pederson, supra, 404 Mass. at 17.
This court rules that the Harrises claims in Counts I, II, and III are dismissed because the essential facts are not in dispute and defendants are entitled to judgment as a matter of law. On June 1, 1992, the Feinzigs and Harrises executed a real estate contract. During the executory period of the contract, the defendants removed a portion of a retaining and the driveway that were allegedly on Ficksman’s property. Plaintiffs claim that defendants’ actions caused damage to the property and constitute a trespass and/or conversion (see Counts I-III).
In Massachusetts, during the executory period of a real estate contract, a purchaser has no ownership rights and, therefore, cannot sue in tort for injury to property. Larabee v. Potvin Lumber Co. 390 Mass. 636 (1983). This rule stems from the fact that Massachusetts has not adopted the doctrine of equitable conversion of title. The vendor bears all of the risks of ownership prior to the closing. Laurin v. De Carolis Constr. Co., 372 Mass. 688, 691 (1977). The vendor also has the exclusive right to possession and to receive rents and profits. Beal v. Attleborough Sav. Bank, 248 Mass. 342, 345 (1924). Basically, during the executory period, the vendor exclusively has all of the ownership rights in the real properly. One such ownership right is the power to sue in tort for injury to property by a third person. The only way that a purchaser can recover for an injury to properly that occurred before he took title is if the vendor assigned him the right to sue.
In this case, the injury to the properly occurred during the executory period of the real estate contract between the Feinzigs and Harrises. Accordingly, the Feinzigs have standing to sue based upon their ownership rights and the Harrises do not because there is no evidence that this right was ever assigned to the Harrises.
This court further rules that CountV, Count VI and Count VII are dismissed in their entirely. The relevant facts are not in dispute. Gary Erb filed a criminal assault complaint against Paul Harris stemming from the altercation on August 20, 1992. Subsequently, the parties reached an agreement and the complaint was dismissed. In the agreement, Paul Harris relinquished his right to pursue any criminal or civil actions against Gary Erb “concerning” the events on August 20, 1992.
Based on these undisputed facts, Gary Erb is entitled to judgment as a matter of law. The allegations in Counts V-VII “concern” the events that transpired on August 20, 1992. According to the unambiguous language of the agreement between Paul Harris and Gary Erb, the former is barred from pursuing such an action against the later.
However, contrary to the defendants’ suggestion, the agreement does not bar any of the other counts brought by Paul Harris. Specifically, Count IV, Count VIII and Count IX are not dismissed because they do not “concern” the altercation on August 20, 1996.
For the foregoing reasons, it is hereby ORDERED that the defendants motion for summary judgment is ALLOWED as to the Harrises’ claims in Counts I-III and as to Counts V-VII. Defendants’ motion for summary judgment is otherwise DENIED .

 The Feinzigs’ claims in Counts I-III are unaffected by this opinion.