Grabau, J.
INTRODUCTION
The plaintiff, Nick Haddad (“Haddad”), brings this action against the defendant, David A. Grossman (“Grossman”), for abuse of process, malicious prosecution, civil conspiracy, intentional interference with advantageous or contractual relations, and unfair and deceptive acts or practices in violation of G.L.c. 93A. Haddad also seeks an order permanently enjoining Grossman from conducting unfair or deceptive acts against him. Grossman now moves to dismiss Haddad’s complaint arguing that his actions fall within the protections established by G.L.c. 231, §59H, (“Section 59H”), commonly referred to as the “anti-SLAPP” statute.[1] Grossman also argues that, as an attorney, he is immune from liability to third parties for actions taken, and advice given, in furtherance of the representation of his clients. Finally, Grossman argues that the dismissal of this action is proper because there is a prior pending action between the parties in the Housing Court. Haddad opposes the motion to dismiss, arguing that Grossman may not avail himself of the protections provided by G.L.c. 231, §59H because Grossman’s actions did not involve issues of public concern. Haddad also argues that an attorney does not enjoy absolute immunity from liability for conspiring to injure a third person. Finally, Haddad argues that this action should not be dismissed because the Housing Court lacks jurisdiction to hear the issues in this case. For the reasons below, Grossman’s motion is ALLOWED.
BACKGROUND
Haddad’s complaint contains seven counts arising from actions which Haddad alleges Grossman took on behalf of Peter Montalvo (“Montalvo”), and advice Haddad alleges Grossman gave to Jeanne Porter (“Porter”), both of whom were Haddad’s tenants. Count I (abuse of process) and Count II (malicious prosecution) set forth claims arising from Grossman’s representation of Montalvo before the Housing Court and the Massachusetts Appeals Court. Count III (civil conspiracy), Count IV (intentional interference with advantageous or contractual relations), Count V (unfair and deceptive acts or practices in violation of G.L.c. *202 93A), and Count VI (injunctive relief) set forth claims arising both from Grossman’s representation of Montalvo before the Housing Court and the Massachusetts Appeals Court and advice he allegedly gave to Porter to withhold payment of her rent. He further alleges that Grossman’s actions have caused him to suffer damages including legal fees and loss of rental income from his tenants and seeks the following relief. First, he seeks an amount equal to his legal fees and lost rental income. Second, under G.L.c. 93A, he seeks double or treble damages. Finally, he seeks an order permanently enjoining Grossman from “interfering with Haddad’s advantageous and contractual relations with his tenants by instructing such tenants to withhold the payments of rents to Haddad when there is no legal or factual basis for such conduct.”
DISCUSSION
Grossman has moved to dismiss Haddad’s complaint. As grounds, he argues that his actions fall within the protections established by Section 59H. Grossman also argues that, as an attorney, he is immune from liability to third parties for actions taken, and advice given, in furtherance of the representation of his clients. Finally, Grossman argues that the dismissal of this action is proper because there is a prior pending action between the parties in the Housing Court.
I. General Laws c. 231, §59H
As required by Section 59H, I draw the following facts, and any reasonable inferences, from the pleadings and affidavits submitted for purposes of this motion. Haddad is the landlord of several buildings located at Rockvale Circle in the Jamaica Plain neighborhood of Boston. Grossman is an attorney admitted to practice law in Massachusetts and, at all times relevant to this action, was employed as an attorney at Legal Services Corporation (“Legal Services”). In 1996, Grossman represented Montalvo, in a summary process action against Haddad. Montalvo lived at 32 Rockvale Circle and was one of Haddad’s tenants. When Montalvo failed to pay rent, Haddad commenced a summary process proceeding against him in Housing Court. After Haddad prevailed in this action, Grossman filed, on behalf of Montalvo, a motion to waive the appeal bond and a notice of appeal, which was denied. Grossman then sought reconsideration of his motion from another judge at the Housing Court. When this request was denied, Grossman sought a review of the decision by a single justice of the Massachusetts Appeals Court, which was also denied.
A. Section 59H does not require activity involving matters of public concern
Haddad argues that his claims against Grossman are not subject to a special motion to dismiss under Section 59H because Grossman’s actions did not involve issues of public concern. However, the Supreme Judicial Court has held, in no uncertain terms, that Section 59H applies to activity that does not involve matters of public concern. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 164 (1998).
B. Grossman’s petitioning activities are protected by Section 59H
Under Section 59H, any party may bring a special motion to dismiss civil claims which are “based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth . . ."[2] The focus of Section 59H is on the petitioning activity that the defendant asserts bars the plaintiffs claims, not on the plaintiffs claims. See id., at 165. Unless the plaintiff can show that the defendant’s petitioning activity is “devoid of any reasonable factual support or any arguable basis in law” and that the defendant’s acts cause actual injury to the plaintiff, the plaintiffs claims be dismissed. See G.L.c. 231, §59H.
By protecting the defendant’s right to petition, Section 59H impinges on the plaintiffs right to petition. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. at 166. To preserve as much of the legislative intent as possible and to avoid an unconstitutional application of Section 59H, the Supreme Judicial Court has adopted a construction of “based on” that excludes special motions to dismiss brought against meritorious claims with a “substantial basis other than or in addition to the petitioning activities implicated.” Id., at 167. Accordingly, Grossman must make a threshold showing, through the pleadings and affidavits, that the claims made against him are based on petitioning activities alone and have no substantial basis other than, or in addition to, those activities.[3] See id., at 167-68.
Section 59H petitioning activities include any written or oral statement made before or submitted to a court, or any other governmental proceeding and any written or oral statement made in connection with an issue under consideration or review by a court. In his affidavit, Haddad states that his claims against Gross-man, with respect to Montalvo, arise solely as a result of the motions and the appeal which Grossman filed in the Housing Court and the Massachusetts Appeals Court on Montalvo’s behalf. See Haddad’s Aff. at par. 11. The filing of motions and appeals fall within Section 59H’s definition of petitioning activities and it is clear from Haddad’s affidavit that these actions form the sole basis for Haddad’s claims against Grossman with respect to the actions taken on Montalvo’s behalf. Therefore, Grossman has made the necessary threshold showing that Haddad’s claims are based on petitioning activities included in Section 59H and that the claims lack a substantial basis other than, or in addition to, these petitioning activities. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. at 167-68.
Because Grossman has made the required threshold showing, the burden shifts to Haddad to show that Grossman’s actions were devoid of any reasonable factual support or any arguable basis in law and that *203 Grossman’s actions caused him actual injury. See id., at 168. The focus of the first prong of this test is on the actions which Grossman argues bar Haddad’s claim, not on Haddad’s claim. See id., at 165. Unless Haddad can show that Grossman’s actions are “devoid of any reasonable factual support or any arguable basis in law,” his claims must be dismissed. Id., quoting G.L.c. 231, §59H.
In his affidavit, Haddad states that he believes that the actions taken by Grossman on behalf of Montalvo were done without any legal basis and intended solely to delay the issuance of an execution for possession so that Montalvo could continue to live in one of Haddad’s apartments without paying rent. See Haddad’s Affd., para. 11. Thus, Haddad has not met his burden of demonstrating that Grossman’s petitioning activities were substantially devoid of any basis in fact or law. Because Haddad has failed to show that Grossman’s petitioning activities were devoid of any reasonable factual support or any arguable basis in law, Count I and Count II of Haddad’s complaint must be dismissed. See G.L.c. 231, §59H. Also, dismissal of Count III, Count IV, Count V, and Count VI, insofar as they relate to Grossman’s filing of motions and an appeal on behalf of Montalvo, is appropriate. See id.
C. Costs and attorneys fees
Section 59H provides that if a court grants a special motion to dismiss, “the court shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters." Therefore, Grossman is entitled to recover from Haddad, his costs and attorneys fees insofar as they relate to defending Haddad’s claims relating to his filing of motions and an appeal on behalf of Montalvo. Grossman shall submit, within thirty days of receipt of this memorandum and order, affidavits regarding the proper allocation of attorneys fees and costs. I will then determine the amount to be awarded.
II. Immunity from Civil Claims
A. Conversion of a Rule 12(b)(6) motion to a summary judgment motion
Haddad alleges that, in 1998, Grossman provided legal advice to Porter, who was also one of Haddad’s tenants at Rockvale Circle. Specifically, Haddad alleges that Grossman told Legal Services student advocate David Himelfarb (“Himelfarb”), to advise Porter to withhold payment of her rent.[4] This alleged advice forms the sole basis for Haddad’s claims against Grossman with respect to Porter. See Haddad’s Affd., para. 11. In response, Grossman argues that he never met or spoke with Porter. In the alternative, he argues that, even assuming the allegations contained in Haddad’s complaint are true, his actions with respect to Porter were performed in the course of client representation and, therefore, that he is immune from civil liability based on these actions.[5]
“If. . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Mass.R.Civ.P. 12(b)(6). The purpose of notice is to ensure that neither party is taken by surprise by a judge’s reliance on material outside the pleadings and thereby deprived of an opportunity to present further evidence in response. See White v. Peabody Construction Co., Inc., 386 Mass. 121, 127 (1982).
Haddad will not be prejudiced by such a conversion because he had constructive notice that Grossman’s motion to dismiss would be converted to a motion for summary judgment on the issue of whether Grossman advised Porter to withhold payment of her rent. See Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 892 (1983); White v. Peabody Construction Co., Inc., 386 Mass. at 127. Under Superior Court Rule 9(A), Grossman’s attorney served a copy of Grossman’s motion to dismiss on Haddad. Himelfarb’s affidavit was attached to Grossman’s memorandum. In his affidavit, Himelfarb states that he did not discuss Porter’s case with Grossman. See Himelfarb’s Affd., para. 12. He also states that he did not receive any legal advice from Grossman regarding Porter’s case. See id. The contents of this affidavit put Haddad on notice that the issue of whether Grossman directed Himelfarb to advise Porter to withhold payment of her rent, was in dispute.[6] See White v. Peabody Construction Co., Inc., 386 Mass. at 127. In response, Haddad attached an affidavit from Porter to his opposition memorandum. In this affidavit, Porter states that Himelfarb, at Grossman’s direction, advised her to withhold payment of her rent. See Porter’s Affd., para. 11. The submission of these affidavits by Grossman and Haddad are sufficient both to trigger the conversion provision of Rule 12(b)(6) and to ensure that neither party is surprised by the conversion.
B. Grossman’s Affidavits
In deciding a motion for summary judgment, I must consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits in determining whether summary judgment is appropriate. See Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment shall be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. at 553. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable *204 expectation of proving an essential element of its case at trial. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertations of disputed facts to defeat the motion. See LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In his affidavit, Himelfarb states the following facts. During his third year of law school, he worked as a student advocate at Legal Services. See Himelfarb’s Affd., para. 2. On April, 10, 1998, he met alone with Porter and her mother, Norma Porter. See id., paras. 4, 11. At this meeting, Porter sought legal advice regarding her obligation to pay rent because, after reading a newspaper article which she showed him, she believed that Haddad was no longer her landlord. See id., para. 4. Following this meeting, Himelfarb met with his supervisor, Maureen McDonagh. See id., para, 11. He then called Porter and advised her to continue to pay rent to Haddad until she heard otherwise. See id. He also told Porter that another student advocate, Miriam Cheny, would follow up to see whether Porter had any further questions. See id., para. 4. At no point in his dealings with Porter, did Himelfarb discuss this matter with Grossman; nor did he receive any advice from Grossman regarding this matter. See id., para. 12-13.
C. Haddad’s Affidavits
Haddad has attached two relevant affidavits to his memorandum of opposition: his own and Porter’s. In his affidavit, Haddad states that the sole basis for his claims with respect to Porter is the advice given to her to withhold payment of her rent, which he believes was wrong. See Haddad’s Aff'd., para. 11. Porter describes this advice and states from whom it came, in her affidavit. On April 10, 1998, she and her mother visited Legal Services and met with Himelfarb. See Porter’s Affd., para. 6. At some point in this meeting, Himelfarb advised Porter that Haddad was still her landlord and that she should continue to pay her rent to him. See id., para. 7. Approximately three hours later, Himelfarb telephoned Porter at home and told her that Grossman had told him that he should advise her not to pay rent. See id., para. 11.
Affidavits must be made on personal knowledge and must set forth facts admissible in evidence. See Madsen v. Erwin, 395 Mass. 715, 719-21 (1985). Hearsay, conclusory statements, general denials, and factual allegations not based on personal knowledge are insufficient to avoid summary judgment. See id., at 721. All affidavits, or portions thereof, made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment. See id. As presented, Porter’s statements regarding the source of Himelfarb’s advice that she withhold payment of her rent is based on hearsay and supposition. Similarly, Haddad’s statements that Grossman advised Porter to withhold payment of her rent are based on his beliefs and on the hearsay and supposition contained in Porter’s affidavit.
To prevail at trial on any of the claims set forth in his complaint, Haddad would have to prove by a preponderance of the credible evidence that Grossman advised Porter to withhold payment of her rent. The material facts, as established by the uncontroverted materials submitted in support of Grossman’s motion demonstrate that evidence tending to establish that Grossman gave such advice to Porter would be unavailable at trial. Therefore, summary judgment in favor of Grossman on Count III, Count IV, CountV and Count VI, insofar as they relate to Grossman’s actions with respect to Porter, is appropriate.[7] See Kourouvacilis v. General Motors Corp., 410 Mass. at 711 (“A complete failure of proof concerning an essential element of the nonmoving party’s case renders all other material facts immaterial").
ORDER
For the foregoing reasons, it is hereby ORDERED that David A. Grossman’s motion to dismiss all counts of the complaint be ALLOWED. It is further ORDERED that David A. Grossman, within thirty days of receipt of this memorandum and order, submit affidavits regarding the proper allocation of attorneys fees and costs, including those incurred for his motion to dismiss and any related discovery matters.

 “SLAPP” is an acronym for Strategic Litigation against Public Participation.

 The Supreme Judicial Court has interpreted “based on” to mean the exclusion of “motions brought against meritorious claims with a substantial basis other than or in addition to the petitioning activities implicated.” Duracraft Corp. v. Holmes Products Corp., 427 Mass. at 167.

 Haddad has accurately characterized Grossman’s activities as not constituting self-interested speech, however, I cannot conclude that such activities thereby necessarily fall outside the protection of the anti-SLAPP statute. Contrary to Haddad’s argument, Section 59H does not require that Gross-man demonstrate that the protected statements or writings were made on his own behalf. It would be absurd to allow an individual to avail themselves of the protection of Section 59H when suits are filed against them because they exercised their right to petition a court for redress and to deny that same protection to the attorney who represented that individual before a court.

 In his complaint, Haddad identifies the student advocate as Ray Reynes. See Haddad’s Complaint, para. 6. However, in her affidavit, Porter states that she initially met with and later talked with Himelfarb. See Porter’s Aff'd., para. 6-9. Nowhere in her affidavit does Porter refer to any other contact with employees of Legal Services.

 The language in this argument indicates that Grossman intended to bring this portion of the motion as a motion to dismiss under Mass.R.Civ.P. 12(b)(6).

 On September 21, 1998, Grossman filed a motion to strike two affidavits submitted by Haddad. Attached to this motion was an affidavit signed by Grossman. In this affidavit he stated that he never met with, spoke to, or advised Porter. See Grossman’s Aff'd., para. 3. Haddad has had ample time to respond to the contents of this affidavit. See White v. Peabody Construction Co., Inc., 386 Mass. 121, 128 (1982).

 Therefore, I do not reach Grossman’s motion to dismiss under Mass.R.Civ.P. 11, Mass.R.Civ.P. 12(b)(9), and G.L.c. 231, §6F.