Xifaras, J.
Plaintiff, Robert P. Weinberg, D.O. (“Weinberg”), bought this action against defendant, Lourdes Colon (“Colon”), to recover damages for purported violations of a confidentiality provision contained in a settlement agreement. Weinberg’s seven count complaint seeks relief for breach of contract (Count I), fraud (Count II), common law deceit (Count III), intentional misrepresentation (Count IV), breach of the implied covenant of good faith and fair dealing (Count V), intentional infliction of emotional distress (Count VI), and interference with advantageous (business) relationships (Count VII). Colon now moves to dismiss the complaint under G.L.c. 231, §59H, asserting that the actions complained of occurred during the exercise of her right to petition the government. Colon further asserts Weinberg’s claims are barred because *83 she is immune from liability under G.L.c. 112, §5, as a “provid[er] [of) information to the Board [of Registration of Medicine].” Weinberg responds that Colon’s conduct concerns private, tortious behavior not within the protected ambit of §59H. For the following reasons, Colon’s motion is ALLOWED.
BACKGROUND
The following facts are taken from the pleadings and supporting and opposing affidavits under G.L.c. 231, §59H, see Bisognano v. Jain, Civil Action No. 94-6879, 4 Mass. L. Rptr. No. 30, 671, 672 (Middlesex Super. Ct. March 18, 1996), citing Wigwam Assoc., Inc. v. McBride, Civil Action No. 92-1570A, 4 Mass. L. Rptr. No. 21, 461 (Worcester Super.Ct. October 13, 1995), and not under Mass.R.Civ.P. 12(b)(6) governing motions to dismiss. See e.g., Nader v. Citron, 372 Mass. 96, 98 (1977).
In 1996, Colon filed an action against Weinberg, her former physician and therapist, in the Middlesex County Superior Court, Civil Action No. 96-6378F, alleging that Weinberg committed medical malpractice and violated G.L.c. 93A. On April 23, 1998, the parties settled that action. As part of the settlement, Colon executed a Release of All Claims (the “Release”), which specifically required Colon to “abstain from voluntarily participating in any investigations conducted by the Board . . . regarding Robert Weinberg” and to “maintain the confidentiality of th[e] settlement and the specific terms thereof.” The Release, however, also expressly permitted Colon to disclose “information concerning th[e] settlement... to any public agency[1] entitled to receive such information according to its rules and regulations or applicable statute.” (Footnote and emphasis added.)
On June 11, 1999, the Chairman of the Board of Registration of Medicine (the “Board”) issued a subpoena ad testificandum /subpoena duces tecum to Colon. Pursuant to this subpoena, on July 7 and July 16, 1999, Colon testified before the Board concerning Weinberg's professional conduct. It is Colon’s testimony that gave rise to the instant action. Weinberg alleges that, in spite of the subpoena, Colon voluntarily appeared and revealed confidences in violation of the Release. Colon filed the instant Special Motion to Dismiss asserting that her conduct was contractually and statutorily privileged and constituted a protected exercise of her right to petition the government under G.L.c. 231, §59H.
DICUSSION
A. Background of G.L.c. 231, §59H.
More commonly known as the anti-SLAPP[2] statute, G.L.c. 231, §59H was enacted to frustrate lawsuits (“SLAPP suits”) that appeared to be designed to chill citizens’ lawful exercise of their right to petition the government for redress of grievances. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 161 (1998); O’Neil v. Gilvey, Civil Action No. 95-6626, 9 Mass. L. Rptr. No. 11, 237 (Suffolk Super.Ct. October 28, 1998); Bisognano, supra at 673. SLAPP suits are, by definition, meritless suits brought not to win them, but to use the litigation to deter, intimidate or punish citizens who either will or have “reported] violations of law, writ[ten] to government officials . . . [or] tes-tiflied]] before governmental bodies.” Duracraft Corp., supra at 161-64.
Specifically, §59H protects citizens by enabling a defendant to bring a “special motion to dismiss” if a civil claim against her is based on the defendant’s exercise of her constitutional “right of petition.” G.L.c. 231, §59H. The anti-SLAPP statute broadly defines a party’s “exercise of a right of petition” to include “any written or oral statement made before or submitted to a governmental body in connection with any issue under that body’s review; [and] any [written or oral] statement likely to encourage consideration or review by a governmental body.” Bisognano, supra at 673; G.L.c. 231, §59H.
Judicial review under §59H, however, is not automatic. Before this court may properly consider the merits of such a special motion to dismiss, the moving party, Colon here, must make a prima facie showing of the applicability of §59H. See Lee v. Whalen, Civil Action No. 97-1277, 8 Mass. L. Rptr. 14, 231, 322 (Bristol Super.Ct. June 8, 1998), and cases there cited. That is, she must at least present enough evidence to raise a presumption that the statute applies. See Black’s Law Dictionary, Seventh Ed. (1999) at 1209 (defining prima facie). This burden is minimal. See Scotti v. Arrow Electronics, Inc., Civil Action No. 91-2203 (Mass. Super.Ct. May 24, 1993).
Once Colon has satisfied this initial hurdle, the burden shifts to Weinberg to show that (1) Colon’s exercise of her right of petition was devoid of any reasonable factual support or any arguable basis in law; and that (2) Colon’s acts caused him actual injury. G.L.c. 231, §59H. See Zoppo v. Foster, Civil Action No. 96-2448, 6 Mass. L. Rptr. 25, 543 (Norfolk Super.Ct. May 19, 1997); Lee v. Whalen, supra. This court’s inquiry is thus twofold: Does §59H apply to protect Colon’s testimony before the Board? And, if so, does §59 warrant dismissal of Weinberg’s action? This court answers both questions in the affirmative.
B. Application of §59H.
1. Colon’s Burden.
To surmount her initial hurdle, as set forth above, Colon must show, and this court must find, that her testimony before the Board falls within the penumbra of protections afforded, and as defined by, §59H. Section 59H protects citizens, such as Colon, by dismissing claims arguably designed to chill the right to petition the government or agencies of the government. Weinberg maintains that the underlying action concerns private concerns of contract, fraud, and misrepresentation and breaches of good faith and fair dealing, and thus has nothing to do with attempts to *84 silence Colon from exercising her right to petition the government.[3]
“The focus of the statutory test is not, however, on the plaintiffs claim, but rather on the petitioning activity that the special movant asserts bars the plaintiffs claim.” Duracraft, supra at 165. Colon asserts that her appearance before the Board is such a petitioning activity that is protected by §59H. As aforesaid, §59H broadly defines the “right to petition” to include virtually “any written or oral statements made before or submitted to a governmental body in connection with any issue under that body’s review.” Bisognano, supra at 673. Neither party contests that Colon’s testimony concerned “written or oral statements made before or submitted to [the Board] in connection with any issue under that body’s review” or that the Board is a governmental or public agency for purposes of review under §59H.
Based on the aforementioned, this court finds that Colon has reasonably asserted that her written and/or oral statements made in the course of the Board’s investigation were made during an exercise of her “right to petition” as defined, and as protected by §59H. The burden now shifts to Weinberg to show why Colon’s special motion should not be allowed.
2. Weinberg’s Burden.
To withstand the instant motion, Weinberg must show that Colon’s testimony before the Board (1) “was devoid of any reasonable factual support or arguable basis in law” and (2) caused him harm. G.L.c. 231, §59H. If Weinberg fails to sustain his burden, this court must grant Colon’s motion. See id. This is “a nearly insurmountable barrier” to overcome. Duracraft Corp., supra at 162.[4]
Weinberg argues that Colon appeared before the Board and voluntarily and tortiously disclosed the terms of the Release. Weinberg’s argument fails for two reasons. First, Colon had a contractual right under the Release to disclose the information. Specifically, the Release provides that:
[Colon] and [her] attorneys will maintain the confidentiality of this settlement and the specific terms hereof. No information concerning this settlement may be disclosed, except that [Colon], or [her] attorneys, may disclose the terms of this settlement to any public agency entitled to receive such information according to its rules and regulations or applicable statute.
(Emphasis added.) Colon Aff., Ex. A, pp. 34.
It is clear that the Release permitted Colon to disclose its terms to “any public agency” and thus clearly contemplated that she may disclose the settlement to the Board. Furthermore, it is undisputed that the Board is a public agency that is entitled to receive information concerning the Release. See Levy, supra at 524-25 (finding Board’s role is to “take primary responsibility in the regulation of the practice of medicine in the Commonwealth of Massachusetts ... to promote the public health, welfare and safety”). See also G.L.c. 112, §5(f) (imposing a duty upon the Board to collect information regarding “all medical malpractice court judgments and . . . all settlements of medical malpractice claims in which a payment is made to a complaining party within the most recent ten years”). Accordingly, to suggest that Colon breached the Release by divulging its terms is groundless.
Second, while it may be true that Colon did not maintain the confidentiality of the Release, it is unreasonable to suggest that, by failing to move to quash the subpoena, Colon voluntarily appeared before the Board. Colon had a duty to turn over the Release to the Board, Mass.R.Civ.P. 45 (subpoena is a command to appear to testify and/or produce documents for inspection and failure to obey punishable by contempt).[5]
Based on the foregoing, it could arguably be concluded that the purpose of Weinberg’s action was not to win it, but to intimidate Colon into refusing to appear and testifybefore the Board. In short, given the clear import of the Release, the uncontested fact that Colon appeared before the Board at its request, and the Board’s duty to collect information concerning settlement of medical malpractice actions, this court finds that Weinberg has failed to satisfy his burden of demonstrating that Colon’s exercise of her right to petition was “devoid of any reasonable factual support or arguable basis in law.” The court need not reach the second prong of Weinberg’s showing, whether Colon caused him injury, at this time.
ORDER
For the foregoing reasons, after hearing, the court hereby ORDERS that the Defendant’s Special Motion to Dismiss under G.L.c. 231, §59H is ALLOWED. The defendant, Lourdes Colon, may submit an affidavit of attorneys fees for the purpose of assessing costs against the plaintiff, Robert P. Weinberg. See G.L.c. 231, §59H.

The Board of Registration of Medicine is such a public agency. See Levy v. Board of Registration and Discipline of Medicine, 378 Mass. 519, 524-25 (1979).

SLAPP is an acronym for “strategic litigation against public participation.” G.L.c. 231, §59H.

Weinberg’s efforts to distinguish matters of private and public concern is unconvincing and are not supported by established legal precedent. See Duracraft, supra at 164 (holding, in no uncertain terms, that §59H applies to activity that does not involve matters of public concern). Accord Haddad v. Grossman, Civil Action No. 98-3064, 10 Mass. L. Rptr. 201 (Mass. Super.Ct. May 17, 1999). But see Sullivan v. Murphy, Civil Action No. 94-2866, 5 Mass. L. Rptr. 3, 67, 68 (Essex Super.Ct. April 22, 1996) (finding anti-SLAPP statute did not apply to private dispute as to the ownership of real estate): Bisognano, supra at 671 (finding anti-SLAPP statute did not apply to an abuse of process claim arising from private dispute between two college students). Cf. Commonwealth v. Chatham Development Corp., Civil Action No. 95-3943, 6 Mass. L. Rptr. 76 (Mass. Super.Ct. October 22, 1996) (finding anti-SLAPP statute applied to private dispute where underly *85 ing litigation was concerned with defendant’s prior claim before the Massachusetts Commission against Discrimination).

Weinberg contends that this court must apply the standard of review as set forth in Mass.R.Civ.P. 12(b)(6). His position is misguided and not based on applicable law. He cites to and relies on Baker v. Coxe, 40 F.Sup. 409, 417 (D. Mass. 1996) (examining anti-SLAPP motion under the "well worn” standards governing Fed.R.Civ.P. 12(b)(6) and “not [under] the hybrid statutory procedure in section 59H which is more akin to a summary judgment motion.”). The standard of review under §59H differs markedly from the traditional motion to dismiss for failure to state a claim upon which relief can be granted, (Rule 12(b)(6)), or for summary judgment, (Rule 56(c)). See Margolis v. Gosselin, Civil Action No. 95-3837, 5 Mass. L. Rptr. 283 (Mass.Super.Ct., May 22, 1996) at *2 n. 1, and cases there cited.

She also had a statutory privilege to testify about Weinberg's professional conduct. See G.L.c. 112, §5 (“no person . . . who provides information pursuant to this section or who assists the board at its request in any manner in discharging its duties [including obtaining information concerning settlement of malpractice actions] . . . shall be liable in any cause of action arising out of the receiving of such information or assistance”).